ALBANY,
Oct. 1828.

Mowatt
v.
Wright.

---

### J. E. MOWATT and others vs. WRIGHT.

THIS was an action of assumpsit, commenced in 1827, tried at the New-York circuit in April, 1828, before the Hon. Ogden Edwards, one of the circuit judges, to recover back $1000, paid by the plaintiffs to the defendant under the following circumstances: In 1821, the defendant brought several actions to recover her dower, as the widow of Dr. John G. Wright, in certain real estate in the city of New-York. The late John Mowatt, junior, the father of the plaintiffs, was vouched to warrant the title of the defendants in those suits, as he had formerly owned the property, and had sold it with a covenant of warranty. Pending the suits he died, and his heirs, the plaintiffs, were vouched in his place. On the 24th November, 1821, a compromise was effected, the terms of which were, that the plaintiffs should pay the defendant $1000, that the suits should be discontinued, the parties paying their own costs, that the defendant should execute a release of dower, and her children should quit-claim all interest

*The action for money had and received lies to recover money paid by mistake; but the mistake which entitles a party to sustain the action, must be a mistake of fact. Where there is no fraud or mistake in matter of fact, if the law was mistaken, the rule applies, that ignorantia juris non excusat. An error of fact takes place, either where some fact which really exists is unknown, or some fact is supposed to*

exist, which really does not exist; but where a person is truly acquainted with the existence or non-existence of facts, but is ignorant of the legal consequences, he is under an error of law. It is now generally conceded, that the mistake to entitle a party to maintain his action, must be a mistake of fact, and not of law. The cases founded on mistake, seem to rest on this principle, that if parties, believing that a certain state of things exists, came to an agreement with such belief for its basis, on discovering their mutual error, they are remitted to their original rights ; but where money is paid on a claim of right, made in good faith, and the party paying acts with as full knowledge of the facts as the party receiving, then, although the demand was unfounded, the payment cannot be recovered back, notwithstanding the facts should prove to be different from what they were believed to be by the party receiving, but not different from what the party paying supposed they were. In such case, he who pays the money, will be considered as *giving* it to whom he pays it; as making it his, and closing the transaction. The lapse of time in bringing a suit to correct a mistake, though brought within the time priscribed by the statute of limitations, will be taken into consideration.

in the premises. The money was accordingly paid, and the releases executed. A few days after the settlement, a release was found in the possession of Col. Platt, through whom the title had passed, executed by the husband of the defendant and herself, bearing date the 8th day of May, 1784, conveying the premises in which dower had been demanded, to Colonel Burr, from whom the title had passed to Colonel Platt, from Platt to J. Winter, and from Winter to J. Mowatt, the ancestor of the plaintiffs.

On the trial of the cause, it appeared that the defendant is 62 years of age; of course, in 1784, when the deed was executed, her age was eighteen. She married in 1783. In 1821, on being informed that she was entitled to dower in the property in question, she stated that she had no recollection of her husband's having ever owned the property. She was referred to Col. Burr for information relative to her title, who told her that her husband had conveyed the property to him, but he had no recollection of her joining in the conveyance. She pursued her inquiries by calling on Colonel Platt and G. Winter, Esq. the heir of J. Winter, and not discovering that she had released her dower, commenced her actions. The only evidence of the conveyance of the property to Col. Burr, known previous to the compromise to be in existence, was a lease from the husband of the defendant to Col. Burr for one year, reserving the rent of a pepper-corn. The existence of this paper was known by the plaintiffs, as well as the defendant. The defendant's interest in the premises was valued by her attorney at between 30 and 40,000 dollars, who advised her to accept the compromise of $1000, in consequence of learning that an adverse claim of title was set up to the premises, which alarmed him lest the whole title might fail; and that, in pursuance of his advice, the defendant acceded to the compromise. It further appeared, that the plaintiffs and their ancestor had been advised by counsel, that there was reason to believe that there was a release in existence of the premises in question, executed by the defendant as well as her husband, though it was not known where it could be found; that a bill of discovery had not been filed by the plaintiffs, from an apprehension that it might

induce the opposite party, if they had the deed in their possession, to destroy it ; that they were advised by counsel to settle the suits as the least expensive course ; that the plaintiffs, and all the parties concerned in defending the suits, were satisfied that the defendant had joined with her husband in the conveyance of the property, but they considered compromising in the manner they did, as the easiest and cheapest way of settling the difficulty ; that the $1000 was accordingly paid as a voluntary payment in compromise of the question. After the compromise, the deed from Dr. Wright and the defendant to Col. Burr, was accidentally discovered by Col. Platt, on his moving his residence from one house to another, in an old French portmanteau, which had lain neglected in his garret. At the trial, the judge ruled that the plaintiffs could not recover, either as for money paid by mistake or on compulsion. The question submitted to the jury was, whether the claim of dower set up by the defendant, was or was not fraudulent. The jury found a verdict for the defendant, which was now moved to be set aside.

*C. G. Troup,* for the plaintiffs. The judge erred in ruling that the plaintiffs were not entitled to recover the money paid by them. Where a person is under the coercion of a suit, and pays money upon a settlement of it, *under mistake,* thinking he has no defence, he may recover back the money thus paid, in an action for money had and received. (4 *T. R.* 431.) And even if the party paying knows that he has a legal defence to the claim, yet, if the resorting to the defence is not sufficiently expeditious to answer his purpose, he may pay the money and then bring his action for money had and received, for *volenti non fit injuria* only applies where the party is free to choose ; (*Strange,* 915 ; ———— v. *Pigott, cited in Cartwright* v. *Rowley,* 2 *Esp. N. P. Rep.* 723 ; 2 *Burr.* 1012 ; 15 *Mass. R.* 207 ;) and the like law, it is presumed, would hold, if resorting to the legal defence would be so very expensive, or of such doubtful efficacy as to render it imprudent to resort to it. Where money was paid upon a simple assertion of right, without suit, which turned out to be un-

founded, the party paying has been permitted to recover it back. (3 *Mass. R.* 74.) In the case of *Chatfield* v. *Paxton*, (2 *East*, 471, *n.*) *Ashurst*, J., observed, where a payment had been made, not with full knowledge of the facts, but only under a blind suspicion of the case, and it was found to have been paid unjustly, the party might recover it back again. The settlement of an unfounded claim is not regarded as a consideration of any value, (1 *Com. Dig. by Hammond*, 323, *action upon the case upon assumpsit, F.* 8 ;) of course, money paid upon it is paid without consideration. The present is a case not only of *mistake*, but of *coercion*.

It is no objection that this action was not sooner brought. The defendant has not shewn that she will suffer any prejudice by the delay, and the plaintiffs had the right to bring their action at any time before the attaching of the statute of limitations.

*S. G. Raymond*, for defendant. The payment was *voluntary*. The plaintiffs paid the money as the easiest and cheapest way of settling the dispute. The plaintiffs *believed* that the defendant had released her right of dower, but apprehensive they might not be able to produce the evidence, they preferred to pay the sum in question. A suit is not compulsion. As to the effect of voluntary payments, see 1 *Esp. R.* 84, *Esp. N. P.* 279, 2 *East*, 409, 4 *Johns. R.* 240, 1 *T. R.* 286, 2 *Blk. R.* 825, 2 *Burr.* 1012, and 5 *Vesey*, 14, that ignorance is not mistake.

This was not, in point of fact, a payment by *mistake*. There was no misapprehension of facts on the part of the plaintiffs, nor did the facts turn out otherwise than the plaintiffs believed them to be. The existence of the lease, reserving a pepper-corn rent, was sufficient to induce the belief that there was a release.

But if the money was paid under a mistake of facts, the mistake was mutual, and in such case there can be no recovery back. (*Taylor* v. *Hare*, 1 *New Rep.* 260. *See also* 2 *Atk.* 592.)

The payment was made in compromise of a suit on a doubtful point. The jury have found there was no fraud.

Colour of suit is sufficient to support a compromise. (*Latch*, 142. *Dyer*, 272, 31, *in notis.*) Surceasing a suit is a good consideration. (*Hob.* 216. *See also* 1 *Bibb*, 168; 2 *Bibb*, 449; *Cann* v. *Cann*, 1 *P. Wms.*; 1 *Maddock*, 75; 1 *Atk.* 10.) There was, besides the discontinuance of the suits and the release of dower, another consideration, viz. the quit-claim of the heirs. This was sufficient to support the compromise. (*Cro. Eliz.* 70.)

As to the cases cited for the plaintiff, 4 *T. R.* 413 was a case of gross *fraud;* the case in *Strange* was overruled in 1 *Esp.* 84; 3 *Mass. R.* 74, is a case of *admitted mistake; Chatfield* v. *Paxton,* found in 2 *East,* divided the court, and was considered too doubtful to report.

The plaintiffs have slept on their rights, and it would be inequitable to compel the defendant to refund, after she has probably spent the money received in her maintenance. (*See Nichols* v. *Leeson,* 3 *Atk.* 575; *Skyring* v. *Greenwood,* 1 *Carrington & Payne,* 517.)

*By the Court,* SAVAGE, Ch. J. The question is, whether the $1000 were paid by mistake of the facts, or compulsion of law; or whether it was voluntary, and to compromise a suit and a disputed claim? At the trial, it was attempted to shew fraud in Mrs. Wright; but that was satisfactorily rebutted. She was married at 17 years of age, and soon after executed the conveyance of these lots. In 1821, she was informed by a Mr. Baldwin, that she had a right of dower in certain lots; but she had forgotten that her husband had ever owned those lots, and took pains to make all possible enquiries for the conveyance, before she brought her suits. The jury passed upon the question of actual fraud, and found a verdict in her favor. On the question of mistake and compulsion, the judge decided that the plaintiffs were not entitled to recover. It appeared that the attornies and counsel for the defendants in the dower suits, were of opinion that a release had been executed by Dr. Wright, in which the defendant had joined. A lease for one year from Dr. Wright to Col. Burr was found; and it was therefore believed that a proper release had also been executed.

The testimony is uncontradicted, that the payment of the $1000 was voluntary, as a compromise of Mrs. Wright's claim, and of the claim of the heirs of her husband ; but it is contended that the payment was compulsory, inasmuch as a suit was brought, and at the time of the compromise, the conveyance from Mrs. Wright could not be found.

The action for money had and received, in general, lies for money which *ex œquo et bono*, the defendant ought to refund, as for money paid by mistake ; or upon a consideration which happens to fail ; or for money obtained by imposition ; or extortion ; or oppression ; or by taking an undue advantage of the plaintiff's situation. (2 *Burr.* 1012.) A mistake which entitles a party to sustain this action, must be a mistake of fact. Where there is no fraud nor mistake in matter of fact, if the law was mistaken, the rule applies that *ignorantia juris non excusat.* (*Doug.* 471.) An error of fact takes place, either when some fact which really exists is unknown, or some fact is supposed to exist, which really does not exist. But when a person is truly acquainted with the existence or non-existence of the facts, but is ignorant of the legal consequences, he is under an error of law. (2 *Ev. Poth. App.* 437.) It is now generally conceded, that the law is as laid down by Buller justice, (*Doug.* 471,) that the mistake must be a mistake of fact and not of law, though a very learned argument will be found in *Evan's Pothier,* sustaining the proposition that a mistake of either law or fact, will entitle the party, paying money under it, to maintain this action to recover it back. Some of the earlier cases do not take the distinction ; and De Grey, chief justice, in *Farmer* v. *Arundel,* (2 *Bl. Rep.* 824, 5,) says, where money is paid by one man to another, on a mistake either of fact or of law, or by deceit, this action will certainly lie ; but the later authorities contradict this proposition so far as regards a mistake of the law. There are cases also of payment by compulsion, and by legal process, where the party has been subsequently permitted to recover it back. The case of *Astley* v. *Reynolds,* (2 *Str.* 915,) was an action for money had and received. The plaintiff had pawned plate to the defendant for £20, and went afterwards to redeem it, and offered the principa

and £4, which was more than legal interest ; but the defendant demanded £10, which the plaintiff paid, and then brought his action to recover the excess above lawful interest. It was contended that he could not recover, there being neither mistake nor force, and his remedy by trover being open to him after tender, and therefore he came within the rule that *volenti non fit injuria.* But the court said they considered it a payment by compulsion ; that the plaintiff might have such immediate want of his goods, that trover would not afford him a proper remedy ; that *volenti non fit injuria* applies only where the party had his freedom of exercising his will, which this man had not. I presume there were facts in that case not reported, from this remark, as there is nothing in the case to shew that the plaintiff had not the liberty of exercising his will. This case, Ch. J. Spencer, in *Hall* v. *Schultz,* (4 *Johns. R.* 245,) considers as overruled by *Knibbs* v. *Hall,* (1 *Esp.* 84,) where in an action for use and occupation, it appeared that the plaintiff had let certain rooms to the defendant. The plaintiff demanded rent at 25 guineas ; the defendant insisted he had taken them at 20 guineas ; but on the plaintiff's threatening to distrain, defendant paid the 25 guineas. He now offered to shew, that the rent was really but 20 guineas, and to set off the 5 guineas in this action, as having been paid by compulsion. But Ld. Kenyon was of opinion, that this could not be deemed a payment by compulsion, as the defendant might, by a replevin, have defended himself against the distress.

There are cases, undoubtedly, where an undue advantage is taken of the party's situation, in which he may pay money, with knowledge of all the facts and the law too, and afterwards recover it back. Such was the case of ———— v. *Piggott,* cited in *Cartwright* v. *Rowley,* (2 *Esp.* 723,) where the steward of an estate being in possession of deeds, wanted on a trial, charged extravagantly for producing them, and the money was recovered back from him in this action. The money was held not to have been paid voluntarily, but from necessity and the urgency of the case, as the plaintiff could not do without the deeds.

The case of *Cobden* v. *Kendrick*, (4 *T. R.* 431,) has been relied on for the plaintiff. The facts were these : Previous to that suit, the defendant, K., had sued the plaintiff, C., on a promissory note ; and after a writ of inquiry executed, the suit was compromised and part paid. Soon afterwards, Kendrick told his attorney that he was glad it was compromised, for it was a lottery transaction, and he had given but £10 for the note, which was for £150 : thereupon, this suit was brought for the money so paid. No question was raised but that the action was sustainable. It was a clear case of fraud. But in *Marriott* v. *Hampton*, (7 *T. R.* 269,) the facts were more analogous to the case before us. H. had previously sued M. for goods sold, and which had actually been paid for and a receipt given ; but not being able to produce the receipt, nor prove payment in any other manner, M. gave a cognovit and paid the money. Mariott afterwards found the receipt, and brought his action for money had and received ; but Lord Kenyon held, that money recovered under legal process, could not be recovered back, however unconscientiously retained by the defendant, and nonsuited the plaintiff. On a motion to set aside the nonsuit, the court said, that after recovery by legal process, there must be an end of litigation ; and that it would tend to encourage the greatest negligence, if a door were opened to parties to try their causes again, because they were not properly prepared with their evidence the first time. Neither of these cases can be said to be like this case ; for, in the first, the recovery was on the ground of fraud, which is negatived here ; and the last differs from this, because there had been an actual judgment, though by cognovit, and here there was a compromise before judgment. The cases founded on mistake, seem to rest on this principle : that if parties, believing that a certain state of things exists, come to an agreement with such belief for its basis, on discovering their mutual error, they are remitted to their original rights. On this principle was determined the case of *Cox* v. *Prentice*, (3 *M. & S.* 344,) where a bar of silver was purchased by the plaintiffs of the defendant, and paid for according to the number of ounces calculated by an assaymaster ; but it being ascertained afterwards that a mistake

had been made, by which they had paid more than the value, they brought their action and recovered the excess. Lord Ellenborough said it was a case of mutual innocence and equal error, and a proper case for such an action. But when a party pays money voluntarily, with full knowledge, or full means of knowledge of all the facts of the case, the party so paying cannot recover it back. (*Bilbie* v. *Lumley*, 2 *East*, 470.) The ground on which the action was brought, was, that the money was paid under a mistake, by which the underwriter had paid an insurance, a material letter having been withheld at the time of insurance. At the trial, that fact was contradicted; and the plaintiff then insisted that the money having been paid under a mistake of the law, the action might be sustained; and so the judge ruled at *nisi prius*. But on motion to set aside the verdict, Lord Ellenborough said he never heard of any case, except *Chatfield* v. *Paxton*, where such a recovery was had; and that case was ultimately decided on some other circumstances; but it was so doubtful as not to be reported.

In *Brisbane* v. *Dacers*, (5 *Taunt*. 155,) Best, justice, gives a full statement of the case of *Chatfield* v. *Paxton*, having been counsel in the cause, from which it seems that the intimation given by Lord Kenyon at the trial, that ignorance of the law was a sufficient ground for the action, was abandoned, and the judges put it wholly on the ground that the plaintiff had not a knowledge of the facts. In the course of the argument, Best, sergeant, advanced this proposition, speaking of the doctrine of Lord Ellenborough, in *Bilvie* v. *Lumley*, to wit: that money shall not be recovered back, if it be consistent with honor and conscience to retain it, but otherwise it shall. Gibbs, justice, interrupted him, saying, " The principle has always been this: wherever the money has been paid in consequence of a demand as of right, then, although the demand was unfounded, the payment cannot be recovered back." There is a case of money paid under distress for standings in a market; though the party had no right to distrain, the money could not be recovered back. The facts in the case then under argument were, that the plaintiff was

captain of a ship under command of the defendant's testator, admiral Dacers. The plaintiff had received a considerable sum for transporting specie, one third of which he paid to the admiral, under a mistaken apprehension that he was entitled to it, and then brought his action to recover it back. In deciding the case, Gibbs, justice, says, "We must take this payment to have been made under a demand of right," and then repeats the doctrine above stated. He adds, "I think, that by submitting to the demand, he that pays the money *gives* it to the person to whom he pays it, and makes it his, and closes the transaction between them." This was said under the supposition that there was a full knowledge of all the facts upon which the demand was founded.

In the case of *Bulkely* v. *Stewart*, (1 *Day*, 133,) the supreme court of Connecticut say, "This action does not lie *to recover back* money voluntarily paid on a claim which the party disputes, though he pay it, expressly reserving his right to litigate his claim." The cases in Massachusetts, where the plaintiff recovered, are cases where the money was paid under a mistake of the facts. Many more cases might be cited, but those already referred to, shew the principles upon which the action has been sustained, and upon which it has been defeated. In the present case, it now appears that the defendant had, in fact, no right to the money paid by the plaintiffs; but it was paid upon a claim of right which was honestly made by her; and the plaintiffs here, who were virtually defendants in the dower suits, acted under as full a knowledge of the facts as the demandant. She, in truth, believed that she had never executed a deed; but the plaintiffs acted under the belief, as testified by the witnesses, that there was such a deed in existence, but for reasons which are stated, they thought that the payment of the $1000 was the shortest and cheapest way of settling the dispute. This sum of money, then, was given to Mrs. Wright to quiet the claim, in the language of Mr. Justice Best. She had a right to consider it her own without dispute. She has probably spent it; " and it would be most mischievous and unjust, if he who has acquiesced in the right by such voluntary payment, should be at liberty, at any time within the statute of

limitations, to rip up the matter and recover back the money."

I cannot consider this as a case of mistake of fact or of law. Mrs. Wright brought suits for a claim which she thought well founded. The defendants believed there was a defence, but they could not produce the evidence of it, like the case of the lost receipt : they, therefore, paid a sum of money, as the easiest and cheapest way of settling the claim. It is a voluntary payment, though they would not have made it, could they have produced the evidence of their title at the time. It is now too late to call the settlement in question.

I am of opinion that the motion to set aside the verdict be denied.