Putnam J.
afterward drew up the opinion of the Court. *546 The plaintiff claims to recover back the money, upon the Sround that he paid it under a mistake, supposing that he was liable, when in fact he was not liable to pay it.[1] But the decision in the case of Gloucester Bank v. Worcester, at this term, is conclusive against the plaintiff as to his liability to pay, notwithstanding {he defendants, who were holders, released the maker by the release in the assignment in the case. We do not think that the fact, that the plaintiff on or before the 13th of January and on or before his payment of the §661 did not know that the indenture contained a release of the bank to Sargent, is material ; for the plaintiff executed the instrument himself, and he must be presumed to know and assent to its contents at the time when he executed it. It did not appear certainly at what time the plaintiff became a party to it ; nor is it material that it should ; for whenever it was, he assented to all the terms of the instrument ; and upon a true construction of the same, independently of the parol evidence objected to, the release of the maker was with the consent and approbation of the plaintiff, who was, according to the proviso, to continue liable upon his pledge or undertaking as an indorser. We refer to the opinion given in the case of the Gloucester Bank v. Worcester, for the reasons of the plaintiff’s continued liability.
We are all of opinion, that the ground of the action has failed, and that the plaintiff should become nonsuit.

 Money paid under a mistake or ignorance of the law, but with a knowl edge of the facts, or with the means of such knowledge, cannot be reeoveree back. Elliott v. Swartwout, 10 Peters, 137; Mowat v. Wright, 1 Wendell, 355; Hubbard v. Martin, 8 Yerger, 498: Jones v. Watkins, 1 Stewart, 81 ; Dickens v. Jones, 6 Yerger, 483; Lee v. Stuart, 2 Leigh, 76; Haven v. Foster, 9 Pick (2d ed.) 112 and notes ; Chitty on Contr. (4th Am. ed ) 491 and notes; Amer. Jurist, No. XLV. 146, and No. XLVI. 371.