Wyman v. Farnsworth.

---

Same Term.    *Cady, Willard, and Hand*, Justices.

Wyman and others, ex'rs of Farnsworth, *vs.* Farnsworth, adm'r, &c.

Voluntary payments, made with a full knowledge of the facts, cannot be recovered back.

The general rule is, that where money is demanded of a party as a matter of right, if he voluntarily pay it, with a full knowledge of the facts upon which the demand is founded, he cannot recover it back, although it was paid without consideration.

Although it appears in an action to recover back money paid upon a note, that the plaintiff was under a misapprehension of facts at the time the note was given,

Wyman v. Farnsworth.

the court will not presume that he was so at the time the payments were made upon the note; and proof of that fact is necessary to enable him to sustain the action.

The *onus* is on the party claiming a return of money paid by him under a misapprehension, to show the facts entitling him to it.

MOTION by the defendant to set aside a report of referees. The facts raising the points decided sufficiently appear in the opinion of the court.

*B. F. Agan*, for the plaintiffs.

*J. Gibson*, for the defendant.

*By the Court*, HAND, J. It appears the sum found due to the plaintiffs, by the report, ($493,85,) was made up of two items. One for sheep, amounting to $53,40, and the other for the amount of two payments that had been made on a note, and interest on those payments. There was contradictory evidence for the consideration of the referees as to the sheep, and with the report on that claim, we cannot interfere. (*Esterly* v. *Cole*, 1 *Barb. S. C. Rep.* 235.) But we think there is no evidence to sustain the remainder. The plaintiff's testator had given to the defendant's intestate a note, which, it was admitted on the trial, "was given under a misapprehension of facts, and was void." On this note were two endorsements, one of $150, the other of $185. The note at the same time had been transferred to one Van Amee. The evidence is not very full. Van Amee, it would seem, had sued the note after these endorsements were made, and was nonsuited, but on what ground does not appear. There is no evidence showing to whom the note belonged at the time of the endorsements; nor is there any evidence that the testator ever made these payments, except the endorsements, the hand-writing of which is not proved, and the statements of the testator himself, who said he had paid most of the note, or the whole of it, and added at the same time that "there was not ten dollars betwixt them." In the same conversation, or shortly before, he said something

Wyman *v.* Farnsworth.

about its being without consideration, and that he should succeed in the suit brought against him upon it. The other testimony before the referees does not materially bear upon the legal question arising in the case.

It is not necessary to decide whether the endorsements, if they had been 'shown to be in the hand-writing of E. Farnsworth would, alone, have been evidence of money actually paid, for the purpose of sustaining an action. (*See Davies* v. *Humphreys*, 6 *Mees. & Wels.* 153; *Pfiel* v. *Vanbatenberg*, 2 *Camp.* 439; *Chitty, jun.* 797; *Chitty on Bills*, 424, 5, 641.) They, unexplained, satisfy so much of the note, and, perhaps, if proved to be in his hand-writing, are *prima facie* evidence of the actual payment of money to the then holder of the note. But if this be so, there is not sufficient proof to sustain this action to recover back the sums so paid. There is no evidence that they were paid by the plaintiff's testator in ignorance of his rights; much less that they were paid under a mistake of facts. Voluntary payments, made with full knowledge of the facts, cannot be recovered back. The general rule is, that where money is demanded as a matter of right, if a party voluntarily pay it, with a full knowledge of the facts upon which the demand is founded, he cannot recover it back, although it was paid without consideration. Some of the authorities go so far as to conclude him if he has the means of knowing. Showing the claim unfounded is not sufficient. (*Mowatt* v. *Wright*, 1 *Wend.* 355. *Supervisors of Onondaga* v. *Briggs*, 2 *Denio*, 26. *Clarke* v. *Dutcher*, 9 *Cowen*, 674. *Marriot* v. *Hampton*, 7 *T. R.* 269. *Corey* v. *Gale*, 13 *Vermont Rep.* 639. *Martin* v. *Morgan*, 1 *Brod. & Bing.* 289, *S. C. Gow's Rep.* 123, *n*, and *cases there cited. Brisbane* v. *Dacres*, 5 *Taunt.* 143.) There is no evidence taking this case out of the general rule. Although the payor was under a misapprehension when the note was given, we cannot presume that he was so when the payments were made. This proof was necessary to the plaintiff's case. The *onus* is on the party claiming a return of money paid under a misapprehension, to show the facts entitling him to it.

The report must be set aside unless the plaintiff elects to remit so much of the sum reported due to him as relates to the amount of the endorsements, and interest.