GARDNER *vs.* THE MAYOR &c. OF THE CITY OF TROY.

Where a municipal corporation had undertaken, by means of an assessment and sale, to create in themselves a certain term or interest in land, and, assuming that they had succeeded in doing so, they sold such term or interest to the plaintiff, and it afterwards turned out that, owing to a defect in the proceedings, no such term or interest was ever created; *Held* that an action would lie, in favor of the plaintiff, to recover back the consideration money paid by him; not on the ground of a failure of title, but because the thing he purchased never had an existence.

Under such circumstances, the parties being mutually mistaken as to the facts, although there be no fraud, the contract may be rescinded, on the ground hat the subject of the contract had no existence.

THIS was an appeal from a judgment on the report of a referee. The facts, as they appear in the report of the referee, are as follows: The common council of Troy had instituted proceedings for opening a section of North Fourth street, in that city, and made an assessment upon certain lands, for the expenses of the proceedings, Among other lands assessed, was the following: "Stephen Ross, lot E. and part of lot D., 500 feet," assessed to pay $520. The assessment was returned and confirmed by the common council, on the 28th of July, 1836. The assessment not having been paid, the premises were sold on the 4th day of February, 1842, and bid off in the name of James A. Zander, the

city commissioner, for the benefit of the defendants. A declaration of sale was executed, in which the proceedings were recited, and it was stated that the premises, described in the assessment as being lot E., and part of lot D., 500 feet, assessed to Stephen Ross, had been purchased by James A. Zander for the term of 1800 years. On the 31st of October, 1846, Zander, at the request of the city attorney, released to the plaintiff all his right and title to the lots conveyed to him by the declaration of sale. There were no covenants of title in the deed. Zander had no interest in the sale. He was, in fact, ignorant that the premises had been struck off in his name, until he was applied to for the purpose of having the release executed. The plaintiff paid to the defendants $409.58, as the consideration of the release.

This action was brought to recover back the money paid to the defendants, on the ground that the assessment and subsequent proceedings, in respect to the premises in question, were void. The referee decided that the assessment was void by reason of the uncertainty and vagueness of the description of the premises, and that the sale was also void. The referee also decided that although the assessment and sale were void, the plaintiff could not recover in this action, there being no proof of any fraud in the sale by the defendant to the plaintiff, nor any covenant for title, either in the declaration of sale or the release of Zander. Judgment was accordingly rendered in favor of the defendant. From this judgment the plaintiff appealed.

*J. H. Reynolds* and *D. Gardner,* for the plaintiff.

*G. Stow,* for the defendants.

*By the Court,* HARRIS, J. The plaintiff agreed to purchase of the defendants the term which they believed they had in the premises described in the declaration of sale, by virtue of the assessment and sale. For this term he paid the stipulated price, believing that he should thereby acquire

Gardner *v.* Mayor &c. of Troy.

the interest mentioned in the declaration of sale. The parties were mutually mistaken. The defendants had no interest in the premises to sell, and, of course, the plaintiff acquired nothing by his purchase. There was no fraud in the case. It was a mere mistake of fact. The assessment was void, and of course the defendants had no authority to sell. They did not know this, and were therefore not chargeable with fraud. The plaintiff was equally ignorant when he purchased. A contract made under such circumstances may be rescinded, on the ground that the subject of the contract had no existence at the time the contract was made. There was, in fact, no such term or interest as that described in the declaration of sale and the release to the defendants.

The case cannot be distinguished, in principle, from that of *Martin* v. *McCormick*, (4 *Selden*, 331.) In the latter case, Martin was the owner of a house and lot in the city of New York. The property was sold, by order of the corporation of New York, for taxes chargeable upon it, and upon the sale the defendant became the purchaser. The plaintiff made an attempt to redeem the property, but was informed by the comptroller, and also by the defendant, that his redemption was too late. His money was accordingly refunded to him, and he entered into a negotiation with the purchaser, and finally took from him a conveyance of his term, and paid him therefor $1800. At the time of the transaction, both parties believed that the time for redemption had expired, but it was subsequently ascertained that when Martin offered to redeem, the title of the purchaser had not become absolute. Under these circumstances, he brought his action to recover back his money, on the ground that it had been paid under a mistake of fact. The action was sustained. The court say, "the term which was the subject of the contract, contrary to the supposition of both parties, had no existence, and in all that class of cases where there is mutual error, as to the existence of the subject matter of the contract, a rescission may be had."

A still stronger case is found in *Hitchcock* v. *Giddings*, (4 *Price*, 135.) The defendant, claiming to be the owner of a remainder in fee in certain real estate, had sold to the plaintiff a moiety for £5000, for which he had taken his bond. The sale had originated with the plaintiff himself, who wished to purchase the whole of the defendant's interest, but he had refused to sell more than half. The plaintiff, at the time he purchased, was apprised of the possibility that the defendant's interest might have been extinguished by a common recovery suffered by the owner of the previous estate, but he insisted on making the purchase. After the transaction was completed, it was discovered that such a recovery had been suffered, and that the estate of the defendant had thereby been destroyed. The plaintiff brought his action to have his bond canceled, and the money he had paid refunded, upon the ground that, at the time of the purchase, the defendant had nothing to sell. Richards, Ch. Baron, before whom the case was brought for decision, said : " A contingency may certainly be sold on a speculation, but not such as was sold here. There was not even a contingency sold here. It was not selling an interest subject to a chance, for the defendant had no interest at all to which a chance could attach." The plaintiff had a decree that his bond be canceled and the money he had paid refunded.

It is true that in this case the declaration of sale furnished, upon its face, the evidence that the defendants, at the time they sold to the plaintiff, had no interest in the land. The description was such as to show that the assessment was illegal. But I am unable to see how this fact can avail the defendants as a ground of defense, any more than the fact that, in *Hitchcock* v. *Giddings*, the plaintiff, at the time of making his purchase, was apprised of the possibility that legal proceedings might already have been had, which would entirely destroy the title he was purchasing. In both cases, the parties were alike ignorant of the fact that the vendor had no title. And yet, in both cases, the

fact existed, and might have been discovered—in the one case, by examining the proceedings for the recovery, and in the other, by examining the proceedings upon the assessment. The foundation of each action is still the same. It is, that the defendants undertook to sell something, when really they had nothing to sell. The thing intended to be sold had no existence, and where that is the case, there can be no contract of sale. (*See* 2 *Kent's Com.* 468; 1 *Story's Eq. Jur.* §§ 142, 143.)

*Bonsteel* v. *Vanderbilt*, (21 *Barb.* 26,) was decided upon the same principle. Vanderbilt had sold to Bonsteel a ticket, giving him the right to be carried from the Isthmus of Panama to San Francisco, on the steamship North America, upon her next passage. At the time of the sale, that vessel had been lost, but both parties were ignorant of the fact. Under these circumstances, it was held that the plaintiff might recover back his money, on the ground of an entire failure of the consideration for the purchase.

The same rule was applied in the case of *The Canal Bank* v. *The Bank of Albany*, (1 *Hill*, 287.) A draft, drawn by the Montgomery County Bank upon the Canal Bank, payable to the order of one Bentley, had been abstracted from the post office and put in circulation with the forged indorsement of the payee. It came into the hands of the Bank of Albany for collection. That Bank presented it to the Canal Bank and received payment. The forgery having been discovered, the Canal Bank brought its action to recover back the money. It was held that the forgery being unknown to both parties, the money had been paid by a mutual mistake of facts, in respect to which the parties were alike bound to inquire, and might be recovered back. Cowen, J. said: "The defendants have obtained the plaintiffs' money without consideration—not as a gift, but under a mistake. For the very reason that the parties are equally innocent, the plaintiff's have the right to recover." (*See Allen* v. *Hammond*, 11 *Peters*, 63.)

I cannot see why the case under consideration does not fall

within the principle of these cases. The defendants claimed that they had acquired a lien upon the premises mentioned in the declaration. They claimed to have acquired a title to the premises, for a term of years, by the enforcement of their lien. They produced an instrument, executed by themselves, purporting to convey such a term. Relying upon this, and believing that the defendants were the owners of the term specified in their declaration, the plaintiff became the purchaser and received a transfer of the declaration of sale. The defendants intended to sell, and the plaintiff intended to purchase, an interest in the land, which in fact did not exist. It now appears that the parties were equally mistaken. The assessment and sale were invalid, and the defendants had no interest at all in the premises. The plaintiff purchased, and paid his money, under the mistaken belief that he was acquiring thereby a valid interest in the land. The parties being thus mistaken in relation to the very existence of the thing, in respect to which they contracted, "the business," says Fonblanque, "is null in itself, by the general rules of contracting," and the consideration should be refunded. (*Fonb. Eq. 4th Am. ed.* 109.)

I am aware of the doctrine that, upon the sale of land, the purchaser must, upon failure of title, look to his covenants, and, if he has not had the precaution to protect himself in this way, he is without remedy. But I do not regard this as a case of the failure of title. It is rather the failure of the subject matter of the sale. The defendants had undertaken, by means of an assignment and sale, to create in themselves a certain term or interest in certain land. Assuming that they had succeeded in doing this, they undertook to sell such term or interest to the plaintiff. It now turns out that no such term or interest was ever created. The plaintiff complains, not that his title has failed, but that the thing he purchased never had an existence. In *Martin* v. *McCormick*, the defendant thought he had acquired an absolute title to the premises for one hundred years, and this term he undertook to sell. It turned out that there was no such term. It was

Conover *v.* Devlin.

regarded by the court of appeals, not as a failure of title, but as a mistake, as to the existence of the subject matter of the contract. In *Hitchcock* v. *Giddings,* the subject of the sale was a remainder in fee, which, at the time of the contract, did not exist. It was treated by the court, not as a failure of title, but as a mutual misapprehension of the parties, in relation to the thing which was the basis of their contract. So, in this case, the parties dealt with each other upon the assumption that a term or estate, in the premises mentioned in the declaration of sale, had been created and was then in existence. This was a mistake. There never was such a term. The plaintiff failed to get what he had bargained for: not for any defect of title, but for want of the thing itself. It did not exist. Under such circumstances, the defendants, although they executed no covenant of indemnity, are not entitled to retain the money they received of the plaintiff as the consideration of his purchase.

The judgment must therefore be reversed, and a new trial granted, with costs to abide the event.

[Albany General Term, May 4, 1857. *W. B. Wright, Harris* and *Gould,* Justices.]

———————◇———————

In the matter of the application of D. D. Conover *vs.* Charles Devlin.

26b    429
39 Mis 453

Where proceedings were commenced before a judge, to compel the delivery of books and papers by a public officer, to his successor, and the judge determined that the applicant was entitled to the relief asked for, and made an order to that effect, after which a common law *certiorari* was issued, to remove the proceedings into the supreme court; *Held* that upon the service of the *certiorari* upon the judge, the proceedings before him were suspended; and that it would therefore be improper for him to issue the warrants to enforce his order.