WARREN GRANGER, Appellant v. THOMAS W. OLCOTT and BRACE MILLARD, Respondents.

(GENERAL TERM, EIGHTH DISTRICT, SEPTEMBER, 1869.)

A party purchasing a title to real estate believed by himself and by his grantor to be doubtful, cannot recover back the consideration therefor, by showing that such title was in fact void.

His right to recover would be limited to a case, where the parties believing the title purchased to be good, were laboring under a mistake of the fact.

THE facts are sufficiently stated in the opinion of the court.

*J. D. H. Chamberlain*, for the appellant.

*John Ganson*, for the respondents.

Present—MARVIN, LAMONT and BARKER, JJ.

By the Court—LAMONT, J. The plaintiff contracted for and obtained a quit claim deed of certain premises from the defendants, for the consideration of $300, in addition to the amount of certain taxes paid therefor. The premises described in the deed are situated in the city of Buffalo, and were owned by the plaintiff from 1850 to 1856, when he conveyed them to John C. Lord, by warranty deed. All the title or claim of title of the defendants rested upon a deed from the comptroller, dated January 8, 1862, reciting a sale of the premises by him on the 12th day of November, 1859, for taxes before then assessed, and certain proceedings thereafter taken to perfect such title pursuant to statute. The quit claim deed from the defendants to the plaintiff was dated December 27, 1865. The plaintiff employed Mr. Hopkins to buy up the tax title of defendants, and all the negotiations for the sale and purchase were made between Hopkins, the plaintiff's agent, and the defendant, Millard.

The action was tried before Justice BARKER, without a jury, at the Erie circuit, in November, 1868, who reported in favor of the defendants, and judgment was entered accordingly.

From this judgment the plaintiff appeals. It is a conceded fact in the case that the defendants' tax title was totally void, and the plaintiff claims to recover back the money he paid, on the ground that he supposed it to be valid, and that the defendants were of the same belief; that there was a mutual mistake of the fact, under which the parties acted and were induced to buy and sell this void title or interest in the premises.

The complaint alleges, in this respect, the plaintiff's belief that the defendants had a good and sufficient title in fee simple to the lands in question, under the comptroller's deed, and, likewise, the defendants' belief that their right and title from the same source was absolute.

In the cases cited by the plaintiff's counsel to sustain this action there was a mutual mistake of the fact; a *bona fide* belief by the parties that what was sold existed. (*Gardner* v. *Mayor of Troy*, 26 Barb., 423 ; *Martin* v. *McCormick*, 4 Seld., 331.) So in the case of *Rheel* v. *Hicks* (25 N. Y. R., 289, 292), they both believed and they were both mistaken.

If the plaintiff and defendants in the present case acted upon the belief which the parties held in the cases cited, that the tax title was valid, then the plaintiff should recover.

The learned justice in this case finds as a fact, that Hopkins, the plaintiff's agent, understood the tax title was defective and advised the plaintiff not to pay for it; and also informed the defendant, Millard, that the defendants' title was defective. The defendants refused to give a warranty deed when solicited to do so by Hopkins.

The defendants told Hopkins that they would only convey such interest as they acquired by virtue of the deed from the comptroller.

Hopkins testifies that he told the plaintiff he did not think they could sustain their tax title.

Millard, the defendant, testifies that Hopkins asked for a warranty deed; that he told Hopkins he would only give a quit claim deed, "I told him," he says, "tax titles were not considered good for much"; he further says, "I did not suppose I

Granger *v.* Olcott.

had a good title ; I supposed I had a good tax title, and said I had as good a title as tax titles ever are." The report states the property to have been worth $3,000.

Now in *Martin* v. *McCormick*, above cited in the Court of Appeals, Judge JOHNSON who delivered the opinion of the court says (4 Seld., 334): "The parties did not deal with each other upon the footing of the compromise of a *doubtful* or *doubted* claim, but upon the ground of a *conceded* right in the defendant."

The present case comes nearer to that of *Mowatt* v. *Wright* (1 Wend., 355), where the plaintiffs paid $1,000 for the dower right of the defendant in certain real estate formerly owned by defendant's husband in his lifetime, and which had been conveyed away by him, and the father of plaintiffs had also conveyed with covenant of warranty binding the plaintiffs his heirs-at-law.

Mrs. Wright had brought her action for dower in these lands, and it appeared that the attorneys and counsel for the defendants in the dower suit were of opinion that Mrs. Wright had released her dower.

In other words, the parties then paying doubted as to the validity of the interest they were purchasing ; but thought the payment of the $1,000, was the shortest way of settling the dispute. In that case Mrs. Wright herself thought she had a good and valid right of dower. She had quite forgotten that years before, her husband owned the premises in question, and that she had joined in the conveyance.

But here both parties doubted the title, and a small percentage was paid to quiet the claim.

Both Hopkins, the plaintiff's attorney and agent in the negotiation, and Millard, the defendant, swear to their opinion and belief, that defendant's tax title was not valid; both had equal means of knowledge, and both were right.

I am of opinion that the plaintiff cannot maintain his action, and that the judgment appealed from should be affirmed with costs.

Judgment affirmed.