## SIEGMUND M. PEYSER, Appellant, *v.* THE MAYOR, Etc., OF THE CITY OF NEW YORK, Respondents.

*Assessment — payment of, under protest — Voluntary payment — right to recover amount paid.*

The plaintiff received a notice from the collector of the city of New York, stating that an assessment had been made on a lot owned by him, payment of which was expected to be made on or before July twenty-seventh, and that unless paid before that day interest would be charged at the rate of seven per cent from the date of confirmation. Plaintiff saw the collector, told him the matter was in litigation and that if he paid, it would be under protest; the collector said, "you can do as you like," whereupon plaintiff paid the amount. Subsequently, upon a petition filed by the plaintiff and others the assessment was vacated. In an action brought by him to recover back the amount so paid, *held*, that as the payment was made voluntarily and with full knowledge of all the facts, the action could not be maintained. (Brady, J., dissenting.)

Appeal from a judgment in favor of the defendants, entered upon an order dismissing the complaint herein.

The action was brought to recover the amount of an assessment paid to the defendant.

It appears that in the latter part of July, 1869, the plaintiff received a notice from the bureau of collection of assessments of the city of New York, stating that " an assessment has been made on your property * *. * which was confirmed on the 3d of March, 1869, and that payment of the said assessment is expected to be made on or before the 27th day of July, 1869, and unless paid on or before said day, interest will be charged at the rate of seven per cent from the date of confirmation. * * *" In pursuance of the notice the plaintiff went to the office and told the collector that the matter was in litigation and that if he paid, it would be under protest, the collector said, "you can do as you like," and plaintiff then paid the amount. The assessment having been subsequently vacated upon the application of plaintiff and others, this action was brought to recover back the amount so paid.

*A. R. Dyett,* for the appellant. The assessment had been confirmed by this court, and the proceedings of the commissioners, thus confirmed, were judicial and in every respect equivalent to a judgment against the plaintiff for the amount of the assessment. (*Bank of Commonwealth* v. *The Mayor, etc.*, 43 N. Y., 184, at pages 188, 189, per GROVER, J.; *Swift* v. *Poughkeepsie,* 37 id., 511.) The plaintiff's sole remedy was by. petition to vacate, and he could not obtain any injunction, order, or process, staying the enforcement of the assessment *ad interim,* and was, therefore, compelled to pay the assessment. (*Bank of Commonwealth* v. *The Mayor, etc.,* 43 id., 184–189; *Crook* v. *Andrews,* 40 id., 547, at pp. 548, 549; *Wilson* v. *The Mayor, etc.,* 4 E. D. Smith, 675, 677, 702, 703; *Swift* v. *Poughkeepsie,* 37 id., 511.) It was not necessary that he should wait for the issuing of any warrant to collect the assessment, or a sale of his property. (*Bank of Commonwealth* v. *The Mayor, etc., supra ; Sturgis* v. *Allis,* 10 Wend., 355; *Meagher* v. *Kellog,* 24 id., 32; *Garr* v. *Martin,* 20 N. Y., 306.) It was enough that payment was demanded, though even that was not necessary. (*Lott* v. *Sweezy,* 29 Barb., 92, 93, and cases cited.)

*D. J. Dean,* for the respondents. Where there is no fraud or mistake in matter of fact, if the law was mistaken, the rule applies that *ignorantia juris non excusat. (Mowatt* v. *Wright,* 1 Wend., 355; *Bilbie* v. *Lumlie,* 2 East, 470 ; *Brisbane* v. *Dacres,* 5 Taunt.,

155; *Bulkeley* v. *Stewart*, 1 Day, 123.) Where money is paid with a full knowledge of the facts and circumstances upon which it is demanded, or with the means of such knowledge, it cannot be recovered back upon the ground that the party supposed he was bound in law to pay it, when in truth he was not. (*Clarke* v. *Dutcher*, 9 Cow., 674; *Lowery* v. *Bordieu*, Dougl., 470; *Knibbs* v. *Hall*, 1 Esp. N. P. Cas., 83; *Brown* v. *McKinnally*, id., 279; *Marryatt* v. *Hampton*, 2 id., 546; *Stevens* v. *Lynch*, 12 East, 38.) Where a void assessment has been paid voluntarily, an action to recover the same cannot be maintained. (*Fleetwood* v. *The Mayor*, 2 Sandf., 475; *Forrest* v. *The Mayor*, 13 Abb. Pr., 350; *Trinity Church* v. *The Mayor*, 10 How. Pr., 138; *Supervisors of Onondaga* v. *Briggs*, 2 Denio, 26; *Wyman* v. *Farnsworth*, 3 Barb., 369; *Mutual Life Ins. Co.* v. *Wager*, 27 id., 354; *Sandford* v. *The Mayor*, 33 id., 147; *Commercial Bank of Rochester* v. *The City of Rochester*, 42 id., 488; *N. Y. and Harlem R. R. Co.* v. *Marsh*, 2 Kern., 308; *Swift* v. *City of Poughkeepsie*, 32 N. Y., 511.)

DANIELS, J. :

The first conclusion adopted in this case was, that Mr. Justice BRADY was right in his views of it, and that the plaintiff should have been allowed to recover. But that is believed to be unsound, for the reason that the money was paid for the purpose of discharging the assessment, without any mistake concerning the facts on which it depended for its validity. The plaintiff was subjected to no compulsion requiring the payment to be made by him, but it was made voluntarily. And when that appears to be the case, and the payment was not induced by some mistake of fact, it cannot afterward be recovered back. (*Fleetwood* v. *Mayor, etc.*, 2 Sandf., 475; *Wyman* v. *Farnsworth*, 3 Barb., 369; *Sandford* v. *Mayor*, 33 id., 147; *Commercial Bank of Rochester* v. *City of Rochester*, 42 id., 488; *Forbes* v. *Appleton*, 5 Cush., 117.) The rule upon this subject has been recently stated in terms specially applicable to a case like the present one, in the following words: " If he voluntarily yielded to the claim, and there was no duress of person or goods, or fraud on the part of the creditor, the payment concludes him, and he could not avoid the force or effect of the act of pay-

ment as an admission, or reserve the right to draw the matter into controversy thereafter by paying under protest. The act of payment was voluntary, and if he intended to litigate the right, he was bound at the time, to take his position and resist the demand made upon him." (*Flower* v. *Lance*, 59 N. Y., 603, 610; *Duncan* v. *Bellin*, 60 id., 151.) The present case differs from that of *The Bank of Commonwealth* v. *Mayor* (43 N. Y., 184), in the circumstance that while the proceedings there were pending upon certiorari, a warrant was issued for the collection of the tax, and the defendant is stated to have collected it by its officers by menace and compulsion. And also from *Preston* v. *Boston* (12 Pick., 7), where it was paid to avoid a warrant which was to be issued for its collection by a certain specified day. No authority has gone further than that case in the way of maintaining such an action; and the present one falls very far short of it, so far as the feature of compulsion is concerned. The evidence showed that notice alone was sent to the plaintiff that the assessment had been made; that payment was expected before the 27th day of July, 1869, and if not paid on or before that day, interest at the rate of seven per cent would be charged upon it from the date of its confirmation. Upon that the plaintiff paid it without even a menace of process or the seizure of his property, insisting, at the time, that the proceedings had been irregularly carried on, and that others were pending or about to be taken to set the assessment aside. And in reply he was informed by the officer receiving payment that he could pay or not, just as he chose. No authority has yet proceeded so far as to sanction the right to recover back money paid under such circumstances, even after the assessment itself has been set aside, as this one was afterward on the plaintiff's application. The claim has no equities in its favor which should induce or justify such an extension of the existing rule on this subject, as would warrant the courts in sustaining it. The plaintiff's property was improved and advanced in value by the pavement, for the expense of which the assessment was made; and that benefit he will retain, without compensation for it, if the payment made for it should be recovered back, unless a re-assessment should be made for it, as in that case it ought to be under the power conferred by chapter 338 of the Laws of 1858, section 5.

The defect for which the proceedings were set aside, did not consist in any omission to perform the work for which the assessment was required to be paid, but it was alleged to be an irregularity arising out of the inclusion of the cost of work done that was not authorized by the order in pursuance of which the assessment was laid. It is to be presumed, from the evidence, that the plaintiff's property received in its improvement a reasonable equivalent for the amount paid by him; and that no real injustice will be sustained by him through the failure of his action to recover back the money he has paid for it.

The judgment in the case should be affirmed.

DAVIS, P. J., concurred.

BRADY, J. (dissenting):

The plaintiff paid an assessment imposed upon his land for a local improvement. Subsequently, on his application, the assessment was declared to be void, and it was vacated. These facts appearing the complaint was dismissed upon the ground that having voluntarily paid the assessment without disputing its validity, he could not recover. The decision thus made was erroneous. It cannot be denied that there are conflicting views expressed upon this subject in the cases in which the question has been directly or incidentally discussed, but the later cases warrant the conclusion that such a claim may be recovered back. (See *Bank of the Commonwealth* v. *The Mayor*, 43 N. Y., 184; *Chapman* v. *City of Brooklyn*, 40 id., 372.) The doctrine which has been declared and upheld in reference to voluntary payments may still be maintained upon the principle of *stare decisis*, but it cannot stand the test of natural justice and equity, and the greater the inroads made upon it the better. The plaintiff in this case was entirely justified in assuming that the assessment was duly imposed, that is, was a burden upon his land and in paying it on that assumption. He was equally justified when he ascertained his error in that respect to seek to have it set aside, and when it was declared to be void, the defendants were bound in honesty to refund his money. It is certain that they were not entitled to it, and that fact should determine the duty of the defendants at once. I think the judgment

should be reversed and a new trial ordered with costs to abide the event. We cannot say that the defendants may not affect the right of the plaintiff to recover by facts to be shown by them in connection with, or in relation to the claim made herein.

Judgment affirmed.