Campbell *v.* Vandervoort.

## City Court.

*Trial Term—February,* 1886.

## HENRY C. CAMPBELL *against* CHARLES M. VANDERVOORT ET AL.

When a person demands money of another as a matter of right, and he pays it with full knowledge of the facts on which the demand is founded, or with the means of information at hand, and without fraud or deceit, he can never recover back the sum he has so voluntarily paid.

Motion for new trial on judge's minutes.

*J. Homer Hildreth,* for plaintiff.

*J. H. McCarthy,* for defendant.

McADAM, Ch. J.—The defendants let to the plaintiff certain premises, known as Nos. 546, 548, 550, 554 and 556 East 117th street, together with a steam driving power for his machinery equal to thirty horse-power, for the term of two years and forty-five days from February 14, 1885, at the yearly rent of $2,700, payable monthly in advance. Under this lease, the plaintiff paid his rent until June 14, 1885, under the belief that he was receiving thirty horse-power, when, as a matter of fact, he received not more than ten horse-power.

The action is to recover the amount paid for the

twenty horse-power not received. The question is whether, on the proofs presented, the action can be maintained.

The plaintiff places his right of recovery upon two grounds: First. That the amount paid for the twenty horse-power not received was so much money paid by mistake. Second. That the amount paid was obtained by fraud and deceit. These grounds will be considered in order. The books are full of cases where recoveries have been sustained for money paid by mistake of fact—some going to the extent of holding that money paid in advance on account of services to be performed, may be recovered back in case of non-performance in an action for money had and received (Wheeler *v.* Board, 12 *Johns.* 363). But I have not been able to find any authorities extending the rule to cases where the contract has been substantially performed, and there has been only a partial failure of consideration, and the money sought to be recovered back was paid after the failure complained of. Thus, in Clarke *v.* Dutcher (9 *Cow.* 674), where the tenant paid his landlord at the rate of £4 14*s.* currency for £2 10*s.* sterling, the rent being reserved in sterling money; it was held that he could not recover back the excess. The court, in concluding its opinion, said:

" The rent was demanded by the landlord as his right. By submitting to the demand, he gives the money to the party to whom he pays it and closes the transaction forever."

Justice GIBBS, in Brisbane *v.* Dacres (5 *Taunt.* 144), cited in 9 *Cow. supra,* said: " Where a man demands money of another as a matter of right, and he pays it with a full knowledge of the facts upon which the demand is founded, he never can recover back the sum paid. By submitting to the demand, he that pays the money gives it to the person to whom he pays it, and closes the transaction between them. He who receives it has a right to consider it as his without dispute; and it would be

most mischievous and unjust, if he who has acquiesced in the right by such voluntary payment should be at liberty at any time within the statute of limitations to rip up the matter and recover back the money."

The case last cited uses the words "with knowledge of the facts," but the means of knowledge of the facts upon which the demand is founded in law, produce the same legal effect, and in neither case can the money be recovered back (Clarke v. Dutcher, *supra ;* Monatt v. Wright, 1 *Wend.* 355; Supervisors v. Briggs, 2 *Den.* 26; Wyman v. Farnsworth, 3 *Barb.* 369). The lease in the present case called for $2,700 per year, payable monthly, so that when the plaintiff paid the rent from February till June, 1885, he paid just what the lease required him to pay, and the defendants received just what the lease entitled them to receive. The defendants demanded and received the money as their own, not in advance, but as after performance, and in the language of the cases before cited (9 *Cow.* and 5 *Taunt.-supra*), the payment closed the transaction between them as far as it went. The action for money had and received is not maintainable; if, as in this case, the contract has been in part performed, and the plaintiff has derived some benefit, so that were he to recover a verdict, the parties could not be placed in the same situation in which they respectively stood when the contract was entered into (2 *Chitty on Contracts,* 11 Am. ed. 923, and cases cited). Hawkins v. Mosher, 2 *Weekly Dig.* 152, was held to be an exception to the general rule stated, and the judgment was reversed, on the ground that the plaintiff was entitled to recover at least nominal damages for the breach proved. In the present case, nominal damages were allowed, so that the error found in that case does not exist here.

Second. There is no evidence proving the fraud alleged. The plaintiff's theory is that he paid for what he supposed he was getting, and the defendants, no doubt, received pay for what they, in like manner, supposed they

were giving. There is no proof that the defendants know-ingly cheated the plaintiff, and there is no reason or ground for such a charge, so that all the essential elements of fraud are wanting, and the question of fraud as a ground of recovery need not be seriously discussed. Nor is there ground for charging constructive fraud. If the defend-ants failed to perform their covenants, the plaintiff had an action for the breach, in which he might have recov-ered his actual loss (Crane *v.* Hardman, 4 *E. D. Smith,* 339).

The plaintiff might have obtained the necessary steam-power elsewhere, or supplied it himself and recov-ered the expense caused in consequence; but he did neither He took the power transmitted to him, made no com-plaint, paid his rent, and then brought this action to recover back what he regards as the proper amount to be refunded; but there is no evidence to warrant the deduc-tion claimed. There is no proof that the actual loss amounts to anything beyond nominal damages. The fact that the plaintiff was to pay $50 for each extra horse-power furnished beyond the thirty horse-power, in case it was required, does not furnish a legal measure of damages in respect to the power not furnished, as the extra horse-power called for might have caused extra ex-pense to the defendants, and perhaps extra engines. Viewing the case in all its aspects, I think, in view of the evidence and the absence of proof of actual damage, that the direction to find in favor of the plaintiffs for nominal damages was right.

It follows that the motion for a new trial must be denied.

Affirmed on appeal.

It is well settled as a general rule of law, that money voluntarily paid on a claim of right, where there has been no mistake of fact, can-not be recovered back on the ground that the party supposed he was bound in law to pay it when in truth he was not (Clarke *v.* Dutcher, 9

*Cow.* 674). He shall not be permitted to allege his ignorance of the law, and it shall be considered a voluntary payment (*Id.*). In Brisbane *v.* Dacres, 5 *Taunt.* 144, Mr. Justice GIBBS said, where a man demands money of another as a matter of right, and he pays it with a full knowledge of the facts on which the demand is founded, he can never recover back the sum he has so voluntarily paid. The same principle is ruled in Mowall *v.* Wright, 1 *Wend.* 355; Lyon *v.* Richmond, 2 *Johns. Ch.* 51. Mr. Chief Justice WAITE, in pronouncing the judgment of the court in Railroad Co. *v.* Commissioners, 8 *Otto*, 541, which was a suit to recover back taxes which the company had paid, declared it to be a rule of the common law that "where a party pays an illegal demand with a full knowledge of all the facts which render such demand illegal, without immediate and urgent necessity therefor, or unless to release his person or property from detention or to prevent an immediate seizure of his person or property, such payment must be deemed voluntary, and cannot be recovered. And the fact that the party at the time of making the payment files a written protest does not make the payment involuntary." He evidently referred to personal property of which the owner might summarily be dispossessed.