The Bank of the Commonwealth, Appellant, *v.* The Mayor, etc., of the City of New York, Respondents.

Where an action is brought against a municipal corporation to recover a tax which was unlawfully levied and collected, and which subsequent to its collection, upon a writ of certiorari being sued out, and the assessment brought before the court, was annulled and the assessment adjudged to be invalid.—*Held*, that the corporation was bound to refund to the plaintiff such portion of the tax as was received by it, notwithstanding that the officers who collected such tax were not appointed or controlled by such corporation.

Where the assessors have jurisdiction of the person and subject-matter for the purpose of an assessment of property for taxation, they act judicially; and while the assessment remains in force, no action will lie for the recovery of the tax so paid, although the property was not by law the subject of taxation.

When taxes are received by a public officer, the law presumes that they are paid over to the persons to whom they are directed to be paid by law.

*It seems* that municipal corporations are not liable for acts of *misfeasance* of public officers not appointed by them, though performing certain acts for them under the law by which they are appointed.

(Argued December 8th, and decided December 13th, 1870.

Appeal from the judgment of the General Term of the Supreme Court, in the first judicial district, affirming a judgment dismissing the complaint.

This action is brought to recover certain moneys paid for taxes unlawfully levied and collected. The plaintiff is a banking association under the laws of New York.

The complaint contains four counts and causes of action:

1st. That in 1859 plaintiff had invested $103,000 in United States stocks or bonds. Evidence of the fact was presented to the commissioners of assessments, and exemption from taxation claimed for this property. The exemption was refused and a tax was imposed on this property. A writ of certiorari was then sued out by the bank and the assessment brought before the Supreme Court of this State. That court affirmed the proceedings and assessment of the commissioners. An appeal was taken to the Court of Appeals, where the judgment of the Supreme Court was affirmed. A writ

of error was then brought and the case was removed into the Supreme Court of the United States, and in December, 1862, that court reversed the judgment of the State courts, and the proceedings and assessment of the commissioners, and adjudged that the tax was invalid.

This judgment of the Supreme Court of the United States was sent down to the Supreme Court of this State, and thereupon a judgment of that court was rendered, reversing its former judgment and annulling the tax or assessment in question.

That meanwhile the Supreme Court of this State had refused to grant a stay of proceedings in the collection of the tax and the usual warrant for its collection was issued to the receiver of taxes.

The plaintiffs offered to pay the tax on the rest of the capital, which offer was refused; and the defendants, by their officers, collected the tax, amounting on United States bonds to $3,729.73 by menace and compulsion from the plaintiff on the 15th December, 1860, and the same was paid over to the chamberlain of the city.

2d. This count is to recover a similar tax upon United States bonds held by the plaintiff, imposed in 1860.

No certiorari was brought to remove or reverse this or either of the following assessments:

3d. The third count contained precisely similar averments in regard to the tax of 1861, which was a similar illegal assessment.

4th. The fourth count contained similar averments in regard to tax of 1862.

The case was tried before the court without a jury and the complaints dismissed. On an appeal taken from the judgment entered thereon, the judgment below was affirmed at the General Term, and from such judgment of affirmance an appeal was taken to this court.

*James Smith,* for the appellant. That the payment to the receiver of taxes was compulsory: *N. Y. & Harlem R. R.*

*Co.* v. *Marsh* (2 Kern., 308); *Boston Glass Co.* v. *City of Boston* (4 Metc., 189); *Frye* v. *Lockwood* (4 Cow., 454); *Preston* v. *City of Boston* (12 Pick., 7). Also citing *Lott* v. *Sweezy* (29 Barb., 87); *Swift* v. *City of Poughkeepsie* (37 N. Y., 54); *Clark* v. *Pinney* (6 Cow., 299); *Sturges* v. *Allis* (10 Wend., 355); *Chapman* v. *City of Brooklyn* (40 N. Y., 372); *Gilbert* v. *Hartford* (31 Conn., 356).

*Richard O'Gorman,* for the respondents, cited *Swift* v. *City of Poughkeepsie* (37 N. Y., 511); *Van Kleek* v. *Woodruff* (3 Trans. Appeals, 196); *Union Bank* v. *The Mayor* (51 Barb., 159); *The Genesee Valley Nat. Bank* v. *Supervisors of Livingston* (53 Barb., 223); *Martin* v. *The Mayor* (1 Hill, 545); *Onderdonk* v. *City of Brooklyn* (31 Barb., 505); *Lorillard* v. *Town of Monroe* (1 Kernan, 392); *People* v. *Supervisors of Chenango* (11 N. Y., 563); *Henderson* v. *Brown* (1 Caines, 92); *Easton* v. *Calendar* (11 Wend., 90).

GROVER, J.    The dismissal of the complaint by the judge when the case was moved for trial, upon the ground that the facts therein stated constitute no cause of action, if true, was equivalent to a judgment for the defendant upon demurrer to the complaint.    If these facts, therefore, gave the plaintiff any cause of action against the defendant, the ruling was erroneous, and the judgment founded thereon must be reversed.    In *Swift* v. *The City of Poughkeepsie* (37 N. Y., 511), it was held that assessors, having jurisdiction of the person and subject-matter for the purpose of an assessment of property for taxation, acted judicially in making the assessment; and while such assessment remained in full force unreversed, an action would not lie against a municipal corporation for the recovery of a tax founded thereon, although the property assessed was not by law the subject of taxation. This was so held, upon the ground that the assessors had the power, and that it was their duty to determine whether the property was liable by law to taxation, and that their determination was conclusive in all cases when collaterally in question, and could only be reviewed in direct proceedings.

The counsel for the appellant insists that the causes of action in the second, third and fourth statements of the complaint are distinguishable from this case, for the reason that the property assessed consisted of the stocks of the United States, and that the United States Supreme Court have determined that such stocks were exempted from taxation by the Constitution of the United States. But the same court, in *Van Allen* v. *The Assessors* (3 Wallace, 573), also decided that the property (shares in the stock of a national bank), which were the subject of assessment in *Swift* v. *The City of Poughkeepsie*, was not liable to assessment for taxation, for the reason that the statute of the State, subjecting it thereto, was not in conformity with the act of congress, making such shares liable to State taxation. Surely the effect given to the determination of the assessors cannot be changed by the nature of the law upon which the question arises. If conclusive when arising upon a statute of the State or act of congress, it is none the less so when arising upon the Constitution of the State or Union. It follows that there was no cause of action in the second, third and fourth statements of the complaint, and that, as to these, the complaint was rightly dismissed. The facts in the first statement present a different question. From this statement, it appears that the assessment had been reversed upon certiorari issued for the purpose of reviewing it. Thence it follows that the tax was illegal. There no longer remains any foundation for its imposition. The inquiry, therefore, is, whether, when paid into the treasury of a municipal corporation and used by it for purposes prescribed by law, an action can be maintained against such corporation for its recovery. The complaint alleges that it was paid to the defendant. Perhaps it would be sufficient for the determination of this case to go no further upon this point; but the judge was justified in construing the allegation as importing nothing more than payment of the tax to the proper officers pursuant to law. So construed, it charges that the tax was paid by the plaintiff to the receiver or collector of taxes and by the latter to the chamberlain of the city. The latter

officer is by statute made both the treasurer of defendant and also the treasurer of the county of New York. It appears from the statutes that there are two municipal corporations constituted for the same territory; one, the defendant; and the other, the county of New York; the organ of the latter being the supervisors of the same, as are supervisors, of the other counties of the State. It further appears from the statutes that a portion of the tax imposed was for the use and benefit of the defendant and another portion for the county. When the entire tax was paid to the chamberlain, he must be regarded as receiving that portion imposed for the defendant as its treasurer, and the balance as county treasurer. For the latter the defendant cannot be held responsible, as the money cannot be regarded as ever having been received by it; but the former was in fact so received. The amount received by the chamberlain for the defendant can readily be ascertained from the act authorizing the levy and other documents connected therewith and authorized thereby. The counsel for the defendant insists that the action cannot be sustained, for the reason that the tax was voluntarily paid by the plaintiff. This position might be answered by the allegations of the complaint, which distinctly states that it was not so paid, but that payment was by compulsion of the officers charged with the collection of the tax; but it might be well to give a further examination to this point. From the complaint it appears that the tax was paid before the reversal of the assessment. While that remained in force, the tax founded thereon had the force of a judgment requiring the plaintiff to pay the tax as required by the statute. The plaintiff was legally bound so to pay, and had no lawful mode of resisting such payment. In such a case the only resistance to the requirement of the officer charged with the collection for payment, if that could have been made, would only subject the plaintiff to further expense, and would have been entirely abortive. Under such circumstances, the plaintiff had the right to pay without affecting their right to recover back the money should the tax thereafter be determined illegal by a

reversal of the assessment on which it was founded.   The payment was not voluntarily made, but coerced by the law which obliged the plaintiff to make it.

It is further insisted that the defendant is not liable to refund the money, for the reason that it was levied and collected by public officers not appointed by the defendant, and over whom the defendant had no control pursuant to the statutes of the State.   The answer to this position is, that it conclusively appears that it was not so collected; that there was no valid statute of the State authorizing the assessment and collection of a tax under State authority upon the property in question, and that all statutes of the State purporting to give such authority were void, being in controversion of the laws and Constitution of the United States.   It is further insisted that the officers by whom the assessment was made and the tax imposed and collected not being the appointees or agents of the defendant, it is not responsible for their acts.   This is true so far as their *misfeasance* is concerned.   But this action is not to recover of the defendant damages for any such *misfeasance*, but to recover money in the hands of defendant which does not belong to it but to the plaintiff, which was paid by the plaintiff upon an erroneous judgment that the plaintiff was required to pay it to officers whose duty it was to pay it to defendant.   The money was received by defendant through machinery created by law to collect money for it, and so far as the right to the money is concerned, it is wholly immaterial whether this machinery was created and controlled by the defendant or by State authority for its benefit.   In either case, the right of the defendant to the money received by means thereof, would be perfect, provided there was no illegality intervening, but no title would be acquired, where, as in the present case, the proceedings of the officers in making the assessment have been reversed.   The counsel for the respondent cites *Lorillard* v. *The Town of Monroe* (1 Kernan, 392) as an authority showing that the defendant is not liable in the present case.   In that case the

plaintiff was the owner of a tract of non-resident land situated partly in the town of Monroe and partly in an adjoining town, and the assessors of the former had assessed the entire tract in their town upon which a tax was imposed and paid by the plaintiff to its collector. The action was brought by the plaintiff to recover from the town the amount of the tax based upon the assessment of the land not situate within it. It may be remarked that the assessors had no jurisdiction of the land last referred to for the purpose of taxation, and consequently that the assessment thereof by them was void. The court held that the action would not lie. It will be seen from the *opinion of Denio, J.*, that it was considered by the court as an action to recover damages for the misconduct of the officers in making the assessment, and the learned judge after showing that they were not the agents or servants of the town, concludes that the town is not liable for their misconduct. There is no doubt of the soundness of this position. Had the collector in the present case embezzled the money instead of paying it to the chamberlain, the case cited would be precisely in point against the maintenance of this action. The opinion proceeds to state that it was not alleged in the complaint or shown upon the trial that any part of the money was paid to the town. In this case it was alleged and must be assumed to be true, that the money was paid to the defendant. *Preston* v. *The City of Boston* (12 Pick., 7) is cited by the judge with approval, and distinguished from the case under consideration. The only distinction between the case cited and the one now under consideration is, that in the former the officers were appointed by the corporation, while in the latter they were not; but we have already seen that this makes no difference as to the title to the money. In *Hill* v. *The Supervisors of Livingston* (2 Kernan, 52), it was held, by a majority of the court, that the tax was legal and the case was decided upon that ground; but the minority not assenting to the proposition, but holding that the tax sought to be recovered was illegal, were of opinion that an action could be maintained for its recovery against the county to whose

treasurer it had been paid. In *Chapman* v. *The City of Brooklyn* (40 N. Y., 372), it was held that an action would lie for the recovery of money paid to the corporation upon the purchase of real estate sold by it for the collection of an assessment made to defray the expense of a street improvement when the assessment was illegal, and for this reason no title was acquired to the purchaser. While this case is not in its facts analogous to the present, yet the judgment is a direct authority for the proposition that an action will lie against a municipal corporation for the recovery of money in its hand to which it has no right, but which in fact belongs to another. The cases sustaining this proposition are cited and commented upon in the opinion, and it would be superfluous again to go over the same ground. It is also insisted that although it does not appear from the complaint that the money has been applied by the defendant as required by law, yet the presumption is that it has been so applied. In this the counsel is correct. Yet I do not perceive how this can affect the liability of the defendant to refund it to the plaintiff. It only shows that the defendant has used the plaintiff's money, to which it had no right for its own purposes. It follows that the action can be maintained against the defendant for the recovery of that part of the tax paid to its treasurer and against the county for the portion paid to its treasurer for its use. Whether it can for the part paid to the county treasurer imposed for the use of the State, upon the ground that when so imposed the county became liable to the State for the payment of the amount, and that the money when paid by the county treasurer to the State was paid in discharge of this liability, is a question not necessary or proper now to decide, as the county has had no opportunity of being heard upon that question.

The judgment appealed from must be reversed, and a new trial ordered, costs to abide event.

All the judges concurring in reversal.

Judgment reversed and new trial ordered.