By the Court.—Curtis, J.
The defendant, the corporation of New York, claims that it is not liable for the negligence of the department of public instruction, and that the court erred in charging the jury that it was responsible for such damages, as between the middle of April, '1871, and April 1, 1872, were occasioned by the negligence of the persons employed by the department of public instruction.
The board of education whs created and had certain *467 powers conferred on it by acts of the legislature, passed July 3, 1851, June 4, 1853, March 31, 1854, April 15, 1854, April 15, 1863, and April 25, 1864.
The board of education was (among other powers conferred) authorized to establish schools, to take and hold property, both real and personal, devised or transferred to it, for the purposes of public education, in the city of New York, and for the purposes of the legislation, in respect to it; it was enacted that the board should “possess the powers and privileges of a "corporation” (Gildersleeve v. The Board of Education, 17 Abb. Pr. 201).
The board of education was the instrument of the state government, in administering its system of common schools as far as related to the city of New York. It reported to the state superintendent of public instruction, and the amount of public moneys apportioned by the state to the county of New York among other counties, for the support and encouragement of common schools, was applied to its expenditures.
To these powers, duties and privileges of the board of education the department of public instruction succeeded. The statute making the change of name, and of the mode of the appointment of the commissioners enacts, that “there shall be in the government of the city of New York an additional department, to be called the department of public instruction” (Session Laws of 1871, vol. 2. p. 1244). Though this declaration is made, it must be seen whether the act makes the department in fact a part of the integral government of the municipal corporation as it purports. The defendant justly insists, that in reality this department is managed and controlled by a board of commissioners created by statute; that this defendant neither appoints, elects, nor can it control such board ; that it can neither continue nor remove such commissioner, nor can it hold them responsible for the *468 manner in which they discharge their trust; nor do the duties of this board of commissioners relate to the exercise of the corporate powers of this defendant, nor are such duties for the peculiar benefit of this defendant, and that such commissioners are appointed by the mayor, simply in obedience to the statute, to perform a public service not peculiarly local or corporate, and are independant of this defendant as to the tenure of their office, and the manner of discharging their duties, and that the care and control of the schools of the city is a duty specifically imposed by statute on the board" of commissioners and not upon the defendant.
It is apparent that this department is in effect entirely independent of the city government, and that in its creation, and in the exercise of its powers and duties, it is the instrument of the state government. It would be manifestly unjust to subject a municipal corporation to liability for the negligences of the agents of the state government, in the course of the administration of their public duties, on behalf of the state. Especially would this be the-case where such agents are in every respect independent of the corporation.
In the mayor of Lynn v. Turner, Qowp. 86, Lord Mansfield considers, that a corporation may be bound by prescription or by the conditions and terms of their cn-ation or charter. The courts of this state also have held, that a municipal corporation is liable for misfeasance in respect to a duty imposed absolutely upon the corporation as such ; but they have also held, that the corporation is not liable for the misfeasance of one of its officers, in respect to a duty specifically imposed by statute on the officer (Martin v. Mayor, 1 Hill, 545 ; Lorillard v. Town of Monroe, 11 N. Y. 396; Bank of Commonwealth v. Mayor, 43 N. Y. 189 ; Levy v. Mayor, 1 Sandf. 465).
If the legislature had intended to make the defendant- liable for the negligences or omissions of this *469 department of public instruction, which in itself was vested with the powers of a corporation on behalf of the state, it is to be presumed that they would have in some form expressed it. But no such expression or intimation occurs. Even if they had specifically attempted to impose such a liability upon the defendant, the question arises whether the legislature itself had this power. Yo such power is apparently conferred by the state constitution, and the courts have failed to recognize it. The existence of a liabilty on the part of the city for the misfeasance of officers over whom they have no control, and whose duties are to be performed as the representatives and for the purposes of the state government, would greatly add to the hazards and losses of the tax payers of the corporation.
The learned judge, at the trial, expressed his doubt as to whether his instruction to the jury, that the corporation of Yew York was liable for the negligence of the department of public instruction was correct. In the view here taken of the question there was error in that part of the charge.
The defendant being sustained in the exception that he thus took to the ruling of the court, it becomes unnecessary to consider the remaining exceptions, and there should be a judgment rendered for the defendant.
Speir, J., concurred.