WILLIAM W. DEWEY, Appellant and Respondent, v. THE BOARD OF SUPERVISORS OF NIAGARA COUNTY, Appellant and Respondent.

A county can only be made liable for money alleged to have been wrongfully demanded and collected or had and received by it for the benefit of another, where the moneys have come to its treasury for its use, or where it has had, or might have had the benefit thereof.

In pursuance of the provisions of the act appointing commissioners for draining certain lands in the town of Royalton, Niagara county (chap. 774, Laws of 1867), defendant caused the expenses to be assessed upon the owners of lands benefited, among whom was plaintiff. The assessment was levied and collected and paid over to the treasurer of the county, and by him paid to the commissioners, as prescribed by the act. The proceedings of the commissioners having been vacated on certiorari, this action was brought to recover the amount collected, as for moneys wrongfully demanded and collected by defendant, and by it had and received for plaintiff's use and benefit. *Held*, that the county, by its board of supervisors, exercised simply an agency under the act; that the treasurer, in the receipt and disbursement of the money, acted as agent and treasurer of the commissioners, not of the county; the money paid did not go into the county treasury, and was never, in any sense, received, appropriated by or in the possession of defendant; and, therefore, that the action could not be maintained.

Reversed, 2 Hun, 392; 4 T. & C., 606.

(Argued June 2, 1875; decided June 15, 1875.)

THESE are appeals by both parties from a judgment of the General Term of the Supreme Court, in the fourth judicial department, modifying and affirming as modified a judgment in favor of plaintiff, entered upon a decision of the court, on trial without a jury. (Reported below, 2 Hun, 392; 4 T. & C., 606.)

This action was brought to recover for moneys alleged to have been wrongfully demanded, received and collected by

defendant of plaintiff, and had and received by it for the use and benefit of plaintiff.

The moneys in question were levied and collected under and in pursuance of the provisions of the act (chap. 774, Laws of 1867) appointing commissioners for the draining of certain lands in Royalton, Niagara county. The commissioners estimated and assessed the costs, assessing the plaintiff $870.84. These were assessed by the board of supervisors as prescribed by the act; entered in the annual tax rolls, one-half in 1867 and one-half in 1868; were collected by the collector and paid over to the county treasurer. A writ of certiorari was issued to review the proceedings of the commissioners, and the same were set aside and declared void by this court. (See *People ex rel. Williams* v. *Haines*, 49 N. Y., 587.) At the time of the commencement of this action none of the money so collected remained in the hands of the treasurer, having been paid out on orders of the commissioners.

The court directed judgment for the amount so collected, with interest. The General Term, upon appeal, modified the judgment by deducting therefrom the sum of $250.57, with interest; that portion of the amount collected having been paid out by the treasurer prior to the service of the writ of certiorari. Plaintiff appealed from that portion of the judgment modifying the original. Defendant appealed from the whole judgment.

*James F. Fitts* for the plaintiff. The moneys paid out after the service of the writ and pending the proceedings to review the proceedings of the commissioners and defendant, were paid at the peril of defendants and in their own wrong. (*Hearsey* v. *Pruyn*, 7 J. R., 179; 2 Comst., 129; 1 Wend., 177; *Penhallow* v. *Duane*, 3 Dal., 54–87; *People ex rel. Williams* v. *Haines*, 49 N. Y., 587.) Plaintiff's payments were not voluntary but coerced by law and can be recovered back. (*Bk. of Comm.* v. *Mayor, etc., of N. Y.*, 43 N. Y., 188; *Preston* v. *Boston*, 12 Pick., 7.) The question of voluntary payment could not be first raised on appeal. (*Gelston*

v. *Hoyt*, 13 J. R., 561; *Coon* v. *Syr. and B. R. R. Co.*, 5 N. Y., 492; 1 Abb. N. Y. Dig., 135, §§ 115, 116; *Smith* v. *Coe*, 29 N. Y., 666; *Herrick* v. *Ames*, 1 Keyes, 190.) Defendant was a trespasser *ab initio* and could not, therefore, be protected by statute. (*People ex rel. Williams* v. *Haines*, 49 N. Y., 587; *Newman* v. *Suprs. Liv. Co.*, 45 id., 690.) Defendant after having received the moneys collected cannot rely upon the objection that, in legal strictness, plaintiff might have successfully resisted the payment of the tax. (*Suprs. Rens. Co.* v. *Bates*, 17 N. Y., 242; *Newman* v. *Suprs. Liv. Co.*, 45 id., 676.) No demand was necessary before suit. (*Newman* v. *Suprs. Liv. Co.*, 45 N. Y., 676.) Defendant could not make title to plaintiff's money through its own illegal act. (*Whitney* v. *Thomas*, 23 N. Y., 281; *Bk. of U. S.* v. *Bk. of Washington*, 6 Pet., 8–19.)

*Geo. C. Greene* for the defendant. Plaintiff having paid the tax voluntarily with full knowledge of the facts, cannot recover it back although he paid it under mistake of law. (*Un. Bk. of N. Y.* v. *Mayor, etc., of N. Y.*, 51 Barb., 159–182; *N. Y. and H. R. R. Co.* v. *Marsh*, 2 Kern., 308; *Silliman* v. *Wing*, 7 Hill, 159; *Suprs. of Onon.* v. *Briggs*, 2 Den., 26.) Defendant never having received the moneys is not liable. (*Bk. of Comm.* v. *Mayor, etc.*, 43 N. Y., 188; *Nat. Bk. of Chemung* v. *City of Elmira*, 53 id., 49; *Mer. Nat. Bk. of N. Y.* v. *Suprs. of N. Y.*, 5 N. Y. S. C., 393, 400.) The estimate and assessment appearing regular defendant was bound to do just what it did. (1 R. S., 367, § 16; 9 J. R., 229; *Morris* v. *People*, 3 Den., 381.)

ALLEN, J. The action is for moneys alleged to have been wrongfully demanded, received and collected by the defendant of the plaintiff, and by the defendant "had and received to and for the use and benefit of the said plaintiff."

Two principal facts enter into and must be proved to maintain the action: 1st, the actual payment to or receipt by the defendant of money or its equivalent; and second, that such money *ex æquo et bono* belongs to the plaintiff. It is an

equitable action to recover money in the possession of the defendant, or which it has disposed of or appropriated to its use, and which in equity and good conscience belongs to the plaintiff. The character of the agency of the defendant and its acts in the assessment and direction to levy the assessment which is sought to be reclaimed, and whether such acts were tortious, is not before the court, except so far as it enters into the question of title to the moneys paid by the plaintiff in satisfaction of the assessment. The action is not in tort or for damages sustained by reason of a conversion, seizure of the plaintiff's property, or other illegal interference with his rights. The money was collected by the defendant and paid to the county treasurer of Niagara county, pursuant to the provisions of chapter 774 of the Laws of 1867, creating a commission for draining certain lands in the town of Royalton in that county, and authorizing the commissioners named in the act, among other things, to make an estimate and assessment of the cost of draining the lands, and apportion the same among the owners of the lands deemed to be benefited by such drainage. They were required to file a copy of such estimate of benefits and damages, signed by them, with the clerk of the board of supervisors of the county; and it was made the duty of the board of supervisors to cause the expense of draining to be assessed or taxed upon the owners or occupants of the several tracts of land mentioned or described in the assessment for benefits made by the commissioners. The act further directs that the assessment be levied and collected and paid over to the treasurer of the county in the same manner as county taxes are levied, collected and paid over. The act then directs that "the said moneys when so collected shall be paid over by said treasurer to the said commissioners upon their vouchers for the same." (Act, *supra*, §§ 67, 68.) The county of Niagara, or its board of supervisors, had no direction of the work contemplated by the act, or discretion in respect thereto, or the levy and collection of the assessment for the expenses. It exercised an agency under the act at the instance of the commissioners in the assessment upon indi-

viduals, the owners of lands, and the collection of the sums estimated and assessed upon the lands by the commissioners. The responsible actors were the commissioners; and the duty performed by the board of supervisors was in their aid, and to give effect to their work. The county treasurer, in the receipt and disbursement of the moneys collected upon that special assessment, acted not as the agent and treasurer of the county but as the fiscal agent and treasurer of the commissioners. The moneys were not county moneys or applicable to county purposes. They were not, in fact, applied or paid out for the use of the county, but upon the vouchers of the commissioners and pursuant to the statutes. The defendant, or its governing body or financial officers, had no control over or possession of the funds thus raised, or any use of or benefit from it. The money paid by the plaintiff upon the assessment by the commissioners did not go into the treasury of the county and was never, in any sense, received or appropriated by, or in the possession of the defendant. There would be evident injustice in compelling the body of the county to indemnify the plaintiff against the irregularities of the statutory commissioners appointed for a local and not for a county purpose, and in no way representing the county or acting in its behalf. The plaintiff failed in connecting the defendant with the money paid by him, or tracing it to its possession. The defendant did not receive the money to the use of the plaintiff or at all. The county can only be made liable in this form of action for moneys that have come to its treasury for its use, or of which it has had or might have had the benefit. (*Bank of Commonwealth* v. *Mayor, etc.*, *N. Y.*, 43 N. Y., 184; *Newman* v. *Suprs. Livingston County*, 45 id., 676; *National Bank of Chemung* v. *City of Elmira*, 53 id., 49.)

The judgment must be reversed; and as the facts cannot be changed so as to charge the defendant, judgment may be given absolute for the defendant, with costs.

All concur.

Judgment reversed, and judgment accordingly.