JAMES W. NASH, Respondent, v. THE MAYOR, Etc., OF
THE CITY OF NEW YORK, Appellants.

*Assessment — voluntary payment — recovery of.*

On the 28th of May, 1873, the plaintiff commenced an action to vacate an assess-
ment laid upon certain premises owned by him, and then a lien thereon, on
the ground that notice of the passage of the resolution authorizing the work
had not been published as required by law. On the thirtieth of May he paid
the assessment and took a receipt therefor, although no warrant had been issued
thereon nor had any steps been taken to collect the same. The assessment
having been subsequently set aside, this action was brought to recover the
amount so paid. *Held,* that the payment was not made under duress, but was
voluntary, and that he was not entitled to recover. (Brady, J., dissenting.)

Appeal from a judgment in favor of the plaintiff, entered upon
the trial of this action by the court without a jury.

*E. O. Andrews,* for the respondent.

*D. J. Dean,* for the appellants.

Davis, P. J.:

On the 6th of March, 1873, certain premises of the plaintiff, in
the city of New York, were assessed for the pavement of the street
on which they were situated. On the twenty-eighth of May fol-
lowing, the plaintiff commenced proceedings in the Supreme Court
to vacate such assessment. On the thirtieth of May, the plaintiff
sent a person in his employ to the office of the collector of assess-
ments with his check, drawn to the order of such collector, to pay
the assessment. The check was delivered to the collector of
assessments, who thereupon gave a receipt of payment. Subse-
quently, and on the eighteenth of June, the assessment was, by an
order of the Special Term, vacated and discharged, so far as it
affected the plaintiff's lands. The proceedings show that the
*vacatur* was made on proof of the non-publication in the New
York Leader, of the resolution and report of the common council
recommending the paving of the street. It was not shown that

any warrant or process of any kind had been issued for the collection of the assessment; or that any step had been taken on the part of the defendants to that end, beyond the confirming of the list of assessments upon all the property benefited. The assessment was paid without protest or objection, other than such as may be inferred from the commencement of the proceedings to vacate it. At the close of the case, the defendants' counsel moved to dismiss the complaint, on the ground that the payment by the plaintiff was voluntary and without compulsion. The court denied the motion, and defendants duly excepted.

This case differs from the case of *Peyser* v. *The Mayor*, lately decided by this court (8 Hun, 413), only in the fact, that in that case the proceedings to vacate were commenced after the payment was made, and the payment was made under protest, but these facts, so far as they affect the material questions in the case, are unimportant. In that case we held the payment to be voluntary, and that the plaintiff could not recover.

We see nothing in the views presented by the learned counsel for the respondent in this case, to change the opinion of the court as pronounced in the case referred to. The learned judge before whom the action was tried recognized the law as established by the authorities, prior to the *Bank of the Commonwealth* v. *The Mayor* (43 N. Y., 188), but was of opinion that that case had overruled the previous decisions and required him to render judgment for the plaintiff. But the facts of that case were materially different from those here presented. In that case a tax had been imposed upon personal property, to wit, United States bonds owned by the bank, and the warrant for its collection had been issued to the receiver of taxes, and it is distinctly stated that the " defendants, by their officers, collected the tax * * * by menace and compulsion from the plaintiff."

In this case, no warrant for the collection of the assessment had been issued, although the learned judge states, as one of his conclusions of law, that one might have been issued; and the only coercion shown is that which is inferred from the right to issue this warrant, and from the existence of the assessment as a lien upon the land assessed, and the interest imposed by statute for non-payment of the assessment within certain limited periods. In

*Fleetwood* v. *The Mayor* (2 Sandf., 478), which was a stronger case for the plaintiff than the present, the court examined the effect of all the facts above mentioned in a very able and elaborate opinion, and held that they did not constitute such duress as took the case out of the well settled principle that money voluntarily paid by a party who disputes the validity of the claim cannot be recovered back again. In the *New York and Harlem Railroad Company* v. *Marsh* (2 Kern., 308), the defendant was a collector, armed with a warrant and power to seize property within his jurisdiction to pay the tax, but on his demand at their office, which was out of such jurisdiction, the plaintiffs paid the tax. They were held in that case to have paid it voluntarily, and that a demand by the collector, although upon a warrant in his possession, outside of his jurisdiction, was no such coercion or duress as rendered the payment involuntary. In *Forrest* v. *The Mayor* (13 Abb., 352), it was held, on demurrer, in a case similar to the present, that the payment was voluntary, and could not be recovered. In the *Commercial Bank* v. *City of Rochester* (41 Barb., 342), upon demurrer to the complaint in an action to recover back money paid upon an illegal tax, it was said: " The court must see, from the facts stated, that the payment was, in fact, compulsory, and compelled by duress of the goods of the party making payment." The complaint in that case was amended, and the action came to trial. It appeared that the plaintiff on making the payment had protested, and the common council, by resolution, had promised that the payment should not be treated as voluntary; but the court held that the payment was voluntary, because no warrant had been issued or levy made. (*Commercial Bank* v. *City of Rochester*, 42 Barb., 499.)

In *Dewey* v. *Supervisors of Niagara* (2 Hun, 394), the assessment was paid to an officer armed with process for its collection. It was held not to be voluntary, but the court recognized the true rule, and said: " Money paid upon a tax or assessment made under color of law, and while the assessment remained or was deemed valid, cannot be recovered simply on the ground that such tax should happen to be subsequently held invalid and set aside, or the proceedings upon which it was based set aside."

In *Newman* v. *Supervisors of Livingston County* (45 N. Y., 676), the tax was collected upon warrant by levy and sale. There

was in the case no pretense of voluntary payment, and the tax having itself been held to be utterly illegal and void, it was held that the right to recover the same arose.

In *Chapman* v. *City of Brooklyn* (40 N. Y., 372), no question of voluntary payment arose, but the right to recover was put distinctly on the ground of the total failure of consideration, where the plaintiff had paid his money at a tax sale of premises sold under an alleged assessment, which was utterly void for want of jurisdiction.

In *Flower* v. *Lance* (59 N. Y., 603), the court recognizes in full vigor the general rule in its application between individuals, that where a party voluntarily pays an illegal claim, there being no duress of person or of goods, or "fraud on the part of the claimant, the fact that he made the payment under protest does not preserve to him the right of subsequently contesting the validity of the claim." And we are unable to find any case in which the question arises between a public authority and an individual, where a different rule has been established. The only recognized distinction between that class of cases and those between individuals is, that a payment made to an officer who is armed with legal process by which he can enforce payment by an immediate levy upon property will be regarded as compulsorily made, while a naked demand between individuals cannot be so treated.

In this case the payment was made with full knowledge of the facts, for the plaintiff knew of the existence of the assessment; he knew that he had himself commenced proceedings to vacate it, which were then pending; and he knew the grounds on which he claimed that the assessment was invalid. And yet, without the exercise of any compulsion, he voluntarily chose to make the payment, and take his chance of subsequently recovering the money.

To permit this to be done is to subject the defendants to innumerable suits for moneys which their officers cannot refuse to receive when voluntarily tendered, and which have been used for the purposes of the assessment, and in payment for benefits actually received by the plaintiffs, although afterwards held not to have been regularly authorized. A party who wishes to litigate the validity of an assessment cannot thus make the city a depositary of its amount

222    PEOPLE ex rel. SHEA v. BOARD OF POLICE.

First Department, December Term, 1876.

which he knows *must be used for a specific and special object*, and then compel the city to raise and refund the amount by general taxation, if perchance he ultimately succeeds in his attack upon the assessment  He must take his ground and keep his money in such a case until the defendant, by some proceeding which the law will adjudge to be duress, has forced him to pay the assessment.

We think the judgment must be reversed, and a new trial granted, with costs to abide the event.

Daniels, J., concurred; Brady, J., dissented.

Judgment reversed; new trial ordered; costs to abide event.