## THE YONKERS SOCIETY FOR THE PREVENTION OF CRUELTY TO CHILDREN, PLAINTIFF, *v.* THE CITY OF YONKERS, DEFENDANT.

*Fines imposed for violations of laws "relating to or affecting children"—when to be paid to the society prosecuting the accused — 1875, chap. 130 — 1876, chap. 122, sec. 5 — 1881, chap. 184.*

The plaintiff, a corporation organized under the provisions of chapter 130 of 1875, having made complaint against certain persons for violating the laws relating to or affecting children, the accused persons were tried before the city judge of Yonkers and fined. The fines having been paid by him into the city treasury, the plaintiff brought this action against the city to recover the amount so paid.

*Held,* it was entitled to recover the amount of the fines.

That the provisions of section 5 of chapter 122 of 1876, providing that " all fines, penalties and forfeitures imposed and collected in any county in this State, under the provisions of this and of every act passed, and which may be passed, relating to or affecting children, in every case where the prosecution shall be instituted or conducted by a society incorporated pursuant to the provisions of chapter 130 of 1875, *  *  * shall, except where otherwise provided, inure to such society in aid of the purposes for which it was incorporated," did not conflict with the section of the defendant's charter which made it the duty of the city judge of Yonkers to pay all fines imposed and collected by him into the city treasury; that the latter act simply forbids the city judge to pay the fines to the plaintiff society, but did not authorize the defendant, after receiving the fines from the city judge, to withhold the same from the plaintiff.

CASE agreed upon and submitted under sections 1279 and 1281 of the Code of Civil Procedure.

*Matt. H. Ellis*, for the plaintiff.

*Joseph F. Daly*, for the defendant.

BARNARD, P. J.:

The plaintiff is an incorporated society under chapter 130, Laws of 1875, with power to make complaints for the violation of law "relating to or affecting children."

Under this power the society made the complaints and the accused persons were convicted and fined. The fines were paid by the court into the treasury of the city of Yonkers.

By section 5 of chapter 122, Laws of 1876, it is provided as follows: "All fines, penalties and forfeitures imposed and collected in any county in this State under the provisions of this, and of every act passed and which may be passed relating to or affecting children, in every case where the prosecution shall be instituted or conducted by a society incorporated pursuant to the provisions of chapter 130 of the Laws of 1875, being an act entitled 'An act for the incorporation of societies for the prevention of cruelty to children,' shall, except where otherwise provided, enure to such society in aid of the purposes for which it was incorporated."

Under this section it is clear that the plaintiff is entitled to the fines unless the Legislature "have otherwise provided." By the charter of the city of Yonkers (chap. 184, Laws of 1881) it is made the duty of the city judge of Yonkers to pay all fines imposed and collected by him, into the city treasury. (Sec. 10). The claim under this provision is that the Legislature intended to give the fines in question to the city. There is no necessary conflict between the acts.

The fines may be paid into the city treasury and still enure to the society for the protection of children. The charter simply does not permit the city judge to pay the fines to the plaintiff society. He is required to pay all fines over with a report of the subject of the fine "for what received." The money is not given to the city in terms, and by the law of 1876 it is so given to the children's society.

The portion of the fines which enure to the plaintiff reach the city treasury and an action had for money had and received will lie,

The defendant has no right to hold the same as against the plaintiff. (*Bank of the Commonwealth* v. *Mayor*, 43 N. Y., 184.)

The fine for selling strong drink to a child belongs to the plaintiff. The offense is one "relating to or affecting children." The offense is created to protect children, and a license to sell intoxicating liquors is no protection from it because of the tender age of the child. The society was intended to protect them from wrongs like this.

There should be judgment for the plaintiff upon the submitted case, with costs.

PRATT, J., concurr

Judgment for plaintiff upon the submitted case.