### POOLEY *v.* CITY OF BUFFALO.

*(Superior Court of Buffalo, General Term. May, 1888.)*

**1. VOLUNTARY PAYMENT—VOID STREET ASSESSMENT.**
A payment of a paving assessment, apparently legal, but which is in fact void for failure of the council to comply with the statute authorizing it, in ignorance of its invalidity, is not a voluntary payment, and may be recovered from the city.

**2. SAME.**
Such a payment may be recovered in an action to annul the assessment roll.

Appeal from special term.

Action by George Pooley against the city of Buffalo to annul an illegal levy of an assessment for paving a street, and to recover back the amount paid under such assessment. Judgment for plaintiff, and defendant appeals.

*William F. Worthington*, for appellant. *Giles E. Stilwell*, for respondent.

TITUS, J. The plaintiff seeks to recover for money paid by himself and assignors on an assessment for paving Forest avenue, on the ground that the assessment was illegal and void, and when paid he was ignorant of the facts which rendered it invalid. This court has twice held that the assessment was invalid by reason of the neglect of the common council to comply with the statutory provisions of the charter in the proceedings taken to make the assessment, once, in *Granger* v. *City of Buffalo*, reported in 6 Abb. N. C. 238, and again when the case was before this court for a second time.[1] If the question was before us as an original proposition, we should feel constrained to hold that the necessary statutory steps were not taken to make a valid assessment for the reasons assigned by Judge BECKWITH, in his opin-

---

[1] Not reported.

ion, when it was before the general term the last time. We think the plaintiff can, in the same action, ask to have the roll annulled, and recover the amount paid by him. *Strusburgh* v. *Mayor*, 87 N. Y. 452.

The assessment being regular and valid on its face, the payment by the plaintiff was not a voluntary payment with knowledge of the facts, within the meaning of the cases. *North* v. *Bloss*, 30 N. Y. 374; *Duncan* v. *Berlin*, 46 N. Y. 685; *Mayer* v. *Mayor*, 63 N. Y. 455. To constitute a voluntary payment so as to prevent a recovery it must be made with a knowledge of all the facts rendering the assessment void. The assessment roll was regular on its face, with nothing about it to lead the plaintiff to suppose that any fact existed which rendered it invalid. *Peyser* v. *Mayor*, 70 N. Y. 497; *Bank* v. *Mayor*, 43 N. Y. 184. The judgment must be affirmed.

BECKWITH, J., not sitting.