RUTH A. WALLACE, Respondent, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant.

*Assessment in New York city — reduction of — interest and costs on a sale, not recoverable by an owner who has redeemed from the sale pending the proceedings for reduction.*

The owner of property in the city of New York, upon which an assessment had been imposed, applied to the Supreme Court to have such assessment vacated and set aside, and while the proceedings for that purpose were pending she redeemed, from the sale under such assessment, certain of the lots covered thereby, paying upon such redemption, for interest and expenses accrued thereon, the sum of $378.50, together with the money paid to the city by the purchaser on the sale. Subsequently, in the proceedings brought for that purpose, the assessment was reduced.

In an action, brought by the owner to recover from the city the amount by which such assessment was reduced by the court, together with the aforesaid sum of $378.50:

*Held,* that the latter sum having been paid for the use of the purchaser at the sale, he was entitled to that money under the purchase made by him, and the city had no right, title or interest in it, and the plaintiff was not entitled to recover it in this action.

That the city was liable to refund to the owner only such amount as was paid over to it by the purchaser at the sale, and was in excess of the amount to which the assessment had been reduced.

Appeal by the defendant from a judgment rendered at the New York Circuit, in favor of the plaintiff, which was entered in the office of the clerk of the county of New York, on the 27th day of February, 1888, whereby it was adjudged that the plaintiff do recover of the defendant the sum of $1,859.15.

The action was brought to recover from the city an amount paid on the redemption of premises from a sale under an assessment, which was reduced by the Supreme Court in proceedings taken in it for that purpose by the owner.

*Woolsey Carmant,* for the appellant.

*Cecil Campbell Higgins,* for the respondent.

Daniels, J.:

In January, 1868, an assessment was imposed upon four lots of land owned by the plaintiff, for the expenses of constructing a sewer

in Fifty-second street between Sixth and Seventh avenues. The assessment on these lots amounted to the sum of $926.77. The plaintiff applied to the Supreme Court to set aside the assessment, and while her proceedings for that object were pending, and on the 30th of October, 1878, and the 20th of July, 1881, she paid the assessments, together with the interest and expenses which had accrued thereon. For that purpose she paid the sum of $2,175.14. On the 25th of May, 1887, a decision was obtained in her favor reducing the assessment to the aggregate amount of $474.40, and she brought this action to recover the excess in this manner paid by her. The amount paid to redeem lots 43 and 44 in block 12, which were two of the lots affected by the assessment, was $907.35. And for the assessments and expenses on lots 41 and 42, the other of the four lots assessed, she paid the sum of $1,267.79. After this reduction in the assessments, and on or about the 30th of June, 1887, she brought this suit to recover from the city the sum of $1,700.74, with interest from May 23, 1887, which was the residue of the moneys paid by her after deducting from the gross amount the sum to which the assessment had been reduced. On the 15th of November, 1875, lots 41 and 42 were sold for the non-payment of the assessments upon them, together with the interest, and five dollars charges, amounting to the sum of $889.29. This sum of money was received by the city from the purchaser in payment of the assessments and expenses attending them on these two lots. And for the recovery of that amount, together with the amount paid upon the other lots, and interest, and expenses upon the two lots sold, this action was brought. There was no dispute as to the right of the plaintiff to maintain this action for the recovery of the sum of $1,322.24, being the balance of the amount received by the city upon the sale of lots 41 and 42, and for the assessments, interest and expenses of lots 43 and 44 after deducting the $474.40, the amount to which the assessments have been reduced. But between the time of the sale of lots 41 and 42 and the payment of $1,267.79 to redeem these lots from that sale, interest and expenses had accrued upon them amounting to the sum of $378.50; and, for the purpose of completing the redemption of the two lots, this sum, together with the money advanced by the purchaser on the sale, was paid over to him by the authorities of the city. No part of the interest or expenses on

the two lots which were sold was retained by or used for the city, but it was paid over to the purchaser for the interest, and five dollars expenses of advertising, which had accrued to him after his purchase, under the provisions of the statute applicable to this subject. What the city had received, over and above the amount of the assessment as reduced, it did not dispute the right of the plaintiff to recover, its sole contention being that it was not liable to refund to the plaintiff this sum of $378.50, which it had paid over to the purchaser for the interest allowed him by statute, and the five dollars expenses of advertising. The court, however, at the trial, held the defendant liable to pay over not only the balance which it had received over and above the amount to which the assessments had been reduced, but, in addition to that, the interest and expenses which had accrued and belonged to the purchaser under the sale; and to that the defendant excepted. This sum of $378.50, in this manner received and paid over to the purchaser, was required to be paid by the plaintiff to redeem the two lots from the sale, by section 4 of chapter 381 of the Laws of 1871. By this section of the statute, what she paid in this manner to the clerk of arrears was paid for the use of the purchaser at the sale. The city had no right, title or interest in it, but he was entitled to that money under the purchase made by him. As the sale took place while the assessment and the proceedings to enforce it were all in full force, that sale, so far as he had become interested in the property, was a legal disposition of it (*Bank of U. S.* v. *Bank of Washington*, 6 Peters, 8), and this sum of money in dispute belonged to him and had been passed over to him before the time these assessments were reduced. No part of it remained in the city treasury, or under the control or subject to the direction of either of its officers. For these reasons, under the decision made in *Dewey* v. *Supervisors of Niagara* (62 N. Y., 294), the plaintiff was not entitled to a verdict for this difference. The leading facts in that case were quite similar to those relating to this disputed difference. There the money was raised through the action of the supervisors and paid over to commissioners, to be used by them in defraying the expense of a local improvement, and the moneys were so paid by the treasurer of the county. The proceedings of the commissioners were afterwards reversed, and the action was brought against the county to recover the moneys

in this manner raised and paid out. But it was held that the money could not be recovered; the court stating, by way of conclusion in its opinion, that "the county can only be made liable in this form of action for moneys that have come to its treasury for its use, or of which it has had or might have had the benefit." (Id., 298.) And the case of *Clark* v. *Pinney* (6 Cow., 297) proceeded upon the same principle, and that is, that an action to recover money received by the defendant, for the use of the plaintiff, can extend no farther than the amount of money actually received and held or used by the defendant.

The cases of *Peyser* v. *The Mayor* (70 N. Y., 498); *Purssell* v. *The Mayor* (85 id., 330) and *Schultze* v. *The Mayor* (103 id., 307) in no way sanction the right of the plaintiff to recover this disputed difference. For in neither of these cases had the property or any part of it been sold for the non-payment of the assessments, but the moneys which were paid over to the defendant passed into its treasury and use, and for that reason remained liable to the plaintiff's action. The difference between the facts of those cases and the facts in the plaintiff's action is radical and controlling. The defendant was not liable to refund to her this sum of $378.50, which was received under the statute for the use and benefit of the purchaser at the sale which was made of the two lots, and it was paid over to him prior to the time when the assessments were reduced. If it had remained in the possession and under the control of the city at the time the action was brought, a different result would follow. But as it had parted with this money in good faith and under legal authority, and had received it to be disposed of in the manner in which it was paid out, the defendant was not liable to refund it to the plaintiff.

The judgment should be reversed and a new trial ordered, with costs to abide the event, unless the plaintiff within twenty days after notice of this decision shall stipulate to reduce the recovery to $1,322.24, together with interest on that amount from the 25th of May, 1887. If that stipulation shall be given, then the judgment should be so reduced, and affirmed without costs of the appeal to either party, and with liberty to the defendant to apply for the allowance of costs in its favor on the ground that the judgment, as so

reduced, may be no more favorable to the plaintiff than the offer served on the part of the defendant.

Van Brunt, P. J., concurred.

Brady, J.:

I think the recovery in this case was right, and I dissent.