(42 Misc. Rep. 38.)

SUTHERLAND v. ST. LAWRENCE COUNTY.

(Supreme Court, Trial Term, St. Lawrence County. November, 1903.)

1. COUNTIES—DEPOSIT IN LIEU OF BAIL—ACTION TO RECOVER.
    An administrator with will annexed of a married woman sued a county to recover a deposit alleged to belong to the estate of the decedent, of which the husband of the decedent was executor and sole beneficiary for life, with right to use the principal. The husband had made the deposit

after his wife's death with the county treasurer, in lieu of bail to release him from custody of the sheriff, who was holding him pending an examination on the charge of arson. *Held*, that the county was liable for the deposit, though the justice who took the bail had no authority so to do.

2. ADMINISTRATION—RIGHTS OF CREDITORS—ASSETS.
    A creditor of a married woman may recover money belonging to her estate deposited with the county, though by the will of the married woman all her property had been devised to her husband for life.

3. SAME—NOTES OF EXECUTOR.
    Notes signed with the word "Ex." added are the personal obligation of the maker, and not of the estate for which he was executor.

4. JUDGMENT AGAINST ESTATE—COLLATERAL ATTACK.
    A judgment against an estate cannot be collaterally attacked, though the roll lacks a complaint, and contains evidence showing that the judgment could not have been properly entered against the estate.

5. SAME.
    The determination of a surrogate that a person is a creditor of an estate, though improvidently made, cannot be collaterally attacked.

6. EXECUTOR—APPOINTMENT—PETITION FOR REVOCATION.
    Where a creditor petitions for a revocation of the appointment of a husband as executor of his wife's will, stating that he is a fugitive from justice, the surrogate may, under Code Civ. Proc. § 2691, subd. 2, revoke the letters without issuing a citation.

7. BAIL—POWER OF JUSTICE OF THE PEACE.
    Where accused was charged with a crime punishable by imprisonment in the State Prison for a term exceeding five years, the justice would have no authority at the close of the examination to take bail requiring accused to await the action of the grand jury, under Code Cr. Proc. § 557.

Action by William Sutherland, administrator of Clara L. Richardson, against St. Lawrence county. Motion for nonsuit. Reserved to be determined after verdict. Denied.

Vasco P. Abbott, for plaintiff.
Ledyard P. Hale, for defendant.

ROGERS, J. January 10, 1891, Clara Loraine Richardson died at the town of Herman, in the county of St. Lawrence, leaving a last will and testament, in and by which her husband, Orlo C. Richardson, was named as executor. The will was admitted to probate by the surrogate of said county, April 13, 1891, the said Orlo duly qualified, and letters testamentary were issued to him. The will, in substance, gives to him the use of all the testatrix's property, together with so much of the principal, to be paid from time to time, as might be required to make him a full and complete support and maintenance. The will states that this is "to be taken and used from time to time, for such purpose as my executor, hereinafter named, shall deem just and proper." The executor was given power to sell or mortgage any real estate that he should deem proper, and take and use the proceeds thereof for the aforesaid purpose. Long after the death of Mrs. Richardson, the said Orlo C., pursuant to the authority given him by said will, sold certain of the real estate of which said testatrix died seised to the wife of one Richard J. Fairbanks, and took back a mortgage as security for a portion of the purchase price, on which about $1,600 was unpaid February 23, 1899. On or about

¶ 3. See Bills and Notes, vol. 7, Cent. Dig. § 260.

February 21, 1899, the said Orlo C. was arrested on a warrant issued by Charles Y. Fullington, a justice of the peace of said county, charging him with the crime of arson; and on said day said justice, at the request of the defendant, adjourned the examination until March 9th following, and fixed bail for his appearance on the adjourned day at the sum of $1,000, but, being unable to secure bail, he was committed to the common jail of St. Lawrence county pending the adjournment. On the 23d of said February said Fairbanks paid to said Orlo on account of said mortgage $1,450, $1,000 of which was deposited with the treasurer of said county in lieu of bail, who thereupon issued his certificate that such deposit had been made, which was delivered to the sheriff, and said Orlo was immediately discharged. The accused ·did not appear before the justice on the adjourned day, and, so far as the evidence at the trial discloses, his whereabouts since that time have not been known to the officials of St. Lawrence county.

On the 1st of April, 1899, there was filed and docketed in the ·office of the clerk of St. Lawrence county a judgment in an action in the Supreme Court, wherein one Eliza Fleetham was plaintiff, and Orlo C. Richardson, as executor of the last will and testament of Clara Loraine Richardson, deceased, was defendant, for $745.74 damages, and $18 costs. The judgment roll consists of a summons, with a notice and affidavit of service, affidavit of default, and a judgment signed by the county clerk, to which is attached the following instruments, being the basis upon which the recovery was had:

"$300.            Russell, N. Y., Nov. 20, 1895.
 "For value received, I promise to pay Eliza Fleetham Three Hundred Dollars, with interest from September, 1894.  O. C. Richardson, Ex."

"$67.00.          Russell, N. Y., March 30, 1896.
 "One day after date, for value received, I promise to pay Miss Eliza Fleetham Sixty-seven Dollars, with interest.  O. C. Richardson, Ex."

"$50.00.           Russell, N. Y., May 1, 1896.
 "One day after date, for value received, I promise to pay to Miss Eliza Fleetham Fifty Dollars, with interest.  O. C. Richardson, Ex."

                  "Feby. 24/99.
"Due Eliza Fleetham for work 96 weeks at $2.00.................. $192 00
"Cr. by cash on work......................................... 33 75

  "Balance due on account.................................... $158 25
                 "O. C. Richardson, Ex."

. On the 29th day of May, 1900, the said Eliza Fleetham presented a petition to the Surrogate's Court of the county of St. Lawrence, stating that she was a creditor and had recovered judgment against the estate of said Clara Loraine Richardson; that the will of said Clara had been probated by said surrogate April 13, 1891, and letters testamentary on the same day issued to said Orlo C. Richardson, as executor; also that the said Orlo had never made an accounting, had absconded, was a fugitive from justice, was under indictment for arson, and that she knew nothing of his whereabouts. On the 4th of June, the surrogate made an order revoking the letters testamentary to the said Orlo. No notice of this application seems to have been served on anybody. July 6, 1900, the said Eliza Fleetham made a further petition to said surrogate, setting forth the death of

said Clara Loraine Richardson; probate of the will; issue of letters testamentary; the revocation; that certain persons are legatees, devisees, executors, trustees, heirs at law, and next of kin of the said testatrix; the recovery of her said judgment—and prayed that a citation might be issued requiring all persons interested to show cause why letters of administration with the will annexed should not be granted to another in the place and stead of said Orlo. Pursuant thereto a citation was issued, and on the 28th day of October, 1900, the plaintiff was appointed such administrator. Plaintiff now seeks to recover from said county said $1,000, alleging that it was the property of the estate of Clara Loraine Richardson, which the said Orlo C. had no right to use; also that the justice who fixed bail had no jurisdiction to do so, and that his proceedings with reference thereto were void.

The defendant challenges the plaintiff's right to the office of administrator, and urges that Eliza Fleetham was not a creditor of the estate of said Clara Loraine, and therefore had no standing to make the application for the removal of the executor, and the appointment of the plaintiff as administrator. It is also urged that the said Orlo was vested with such power and authority over the estate of said testatrix as authorized him to use said money for the purpose of relieving himself from imprisonment, and, finally, that the sheriff was without discretion in the matter, and was bound, on the production of the certificate of the county treasurer showing deposit in lieu of bail, to discharge his prisoner, regardless of the actual ownership of the money deposited.

The evidence as to Eliza Fleetham's right to petition for revocation of letters testamentary is quite unsatisfactory. To give the surrogate jurisdiction, she must have been "a creditor or person interested in the estate of" the deceased. Code Civ. Proc. § 2685; Estate of Berney, 1 Dem. Sur. 163. The petition alleges that "she is a creditor of the estate herein, and that she has recovered judgment," etc. If her claim as a creditor rests solely on the judgment recovered April 1, 1899 —and apparently no other evidence was given—it clearly was not established. The instruments attached to the roll were obligations of Orlo C. Richardson only, notwithstanding they had "Ex." at the end of his signature. De Witt v. Walton, 9 N. Y. 571; Casco Nat. Bank v. Clark, 139 N. Y. 307, 34 N. E. 908, 36 Am. St. Rep. 705; First Nat. Bank v. Wallis, 84 Hun, 376, 32 N. Y. Supp. 382. When there is default, relief in the judgment cannot be greater than that demanded in the complaint. Code Civ. Proc. § 1207. Here there is no complaint. This is said to be an indispensable part of a judgment roll. Leitch v. Wells, 48 N. Y. 585, 604. That which the judgment must follow, and on which it must rest, was wholly wanting. There was nothing to guide the clerk, and on which he could determine what judgment to enter. The statute providing for entry of judgment on default presupposes a complaint: "If the complaint is verified," then certain steps are to be taken. "If the complaint is not verified," then certain other steps may be taken. Code Civ. Proc. § 1213. The roll must contain, among other papers, the "pleadings." Code Civ. Proc. § 1237. When, however, the instruments for the "payment of money

only," the nonpayment of which constituted the cause of action "stated in the complaint" (Code Civ. Proc. § 1213), were presented to the clerk to assess the amount due, he had before him positive evidence that the liability was of Richardson as an individual, and not the estate. Clearly, he had no warrant for the entry of this judgment. Nevertheless, it is a judgment of the Supreme Court, and is doubtless proof against collateral attack, notwithstanding it contains within itself the evidence that it has no right to be what it purports. Bosworth v. Vandewalker, 53 N. Y. 597; Hunt v. Hunt, 72 N. Y. 217, 28 Am. Rep. 129; Hunting v. Blun, 143 N. Y. 511, 38 N. E. 716.

It was the province of the surrogate to determine whether the plaintiff was a creditor. Matter of Wheeler, 46 Hun, 64. Having done this, though improvidently, his decision is probably conclusive, except in a direct proceeding to review or set it aside. McCooey v. New York, N. H. & H. R. Co., 182 Mass. 205, 65 N. E. 62.

The petition for revocation of letters states that the executor "has absconded and is a fugitive from justice." This, I think, authorized the hearing of the matter without the issue of a citation (Code Civ. Proc. § 2691, subd. 2), and thereby gave the surrogate jurisdiction to inquire as to the propriety of removal and the appointment of a successor. I will therefore assume that the plaintiff was duly appointed administrator, and now properly represents the estate of Mrs. Richardson.

The question with reference to the jurisdiction of Justice Fullington to fix bail is not free from doubt. The offense charged against Richardson was one punishable by imprisonment in the State Prison for a term exceeding five years. The justice therefore would have no authority to take bail, at the close of an examination, requiring him to await the action of the grand jury. Code Cr. Proc. § 557. The Code of Criminal Procedure requires that the person arrested shall be taken before a magistrate without unnecessary delay, and that he may give bail at any hour of the day or night (Code Cr. Proc. § 165); and pending an adjournment, at the defendant's request, it was made the duty of the justice to commit the defendant for examination, or discharge him from custody, upon his giving bail to appear during the examination, or upon the deposit of money, as provided in the Code, to make sure of his appearance at the time to which the examination was adjourned. The taking of bail consists in the acceptance by a competent court or magistrate of an undertaking of sufficient bail for the appearance of the defendant according to the terms of the undertaking, etc. Code Cr. Proc. § 551. This may be by deposit with the county treasurer of the amount fixed as bail, instead of giving an undertaking. Id. § 586. While section 192, in itself, puts no limitation on the power of the justice to take bail, it must, I think, be read in connection with the other provisions of the Code, and held that "bail" means that which is specified in the subsequent sections already referred to. It is not easy to perceive why the power of the magistrate should be unlimited pending the examination, and restricted, as it concededly is, after the examination has been had, and the accused is held to answer before indictment. It has been stated that prior to this Code there was no authority on the part of a magis-

trate to take bail pending an examination in any case. Colby, Crim. Law & Pr. (1st Ed.) 189. A statute claimed to establish a practice departing from the common law should show that the magistrate has the power to take bail pending an examination for the graver offenses mentioned. I conclude, therefore, that Justice Fullington did not have authority to take bail in this case.

The will in question places the property of the testatrix largely under the control of Richardson. The purpose seems to have been to vest him with all of the title that might be necessary to give him the use of both income and principal, and at the same time prevent its getting within the reach of his creditors. There is much force in the contention of defendant's counsel that the money so expended by Richardson in protecting himself from a criminal charge, though estate property, was property subject to his use and control, within the meaning of the will, and that such application of it was no less for his benefit than if expended for clothing, food, or any other purpose that might inure to his personal safety, convenience, or pleasure. Nevertheless this proposition, conceded to the defendant, does not quite reach the point of constituting a defense. While the rights of Richardson under the will still remain so that he is entitled to have all the benefits conferred by it upon him, save the execution of the trust from which he has been removed by the surrogate, his rights and the rights of the residuary legatees and devisees to the property are subject to the claims of creditors of the testatrix. The complaint alleges "that there are several debts against the estate of said Clara Loraine Richardson." No proof of debts was given upon the trial, except the Fleetham judgment, nor before the surrogate, as I understand from the evidence of the clerk, Mr. Hale; but that judgment and the determination of the surrogate, though unquestionably wrong, are conclusive upon me until set aside or reversed by a direct proceeding therefor, so that for the purpose of this action the plaintiff represents a creditor, and cannot be denied relief upon the ground that Richardson was the real taker of the estate, to the extent that he might choose to appropriate it.

Assuming the correctness of the foregoing conclusion, is the county of St. Lawrence, as such, liable to respond to the plaintiff in this action? By the county law it is made a municipal corporation, against which an action may be brought upon a contract lawfully made with it, or any of its officers or agents authorized to contract in its behalf, or to enforce any liability created or duty enjoined upon it or any of its officers for which it is liable. County Law, §§ 2, 3 (Laws 1892, c. 686, pp. 1743, 1744). This statute creates no new liability. Markey v. County of Queens, 154 N. Y. 675, 49 N. E. 71, 39 L. R. A. 46; Godfrey v. County of Queens, 89 Hun, 18, 34 N. Y. Supp. 1052; People ex rel. Martin, Bing & Co. v. County of Westchester, 57 App. Div. 135, 67 N. Y. Supp. 981. But it apparently gives an additional remedy. Justice Fullington, who fixed the bail, though elected by the town of Canton, was a county officer. People v. Crawford, 7 Alb. Law J. 204. But he was in no sense the agent of the county in the performance of the act, for which it can be held liable. Maxmilian v. Mayor, 62 N. Y. 160, 20 Am. Rep. 468.

The Constitution expressly provides that the county shall not be made liable for any act of the sheriff. Article 10, § 1. Nor is the county treasurer the agent of the county, so as to make it liable for his wrongful conversion of trust funds (Gray v. Supervisors of Tompkins Co., 26 Hun, 265; Id., 93 N. Y. 603); nor in receiving or paying over state taxes (People ex rel. Lawrence v. Supervisors, 11 Hun, 306; Id., 73 N. Y. 173); nor for moneys paid by him to commissioners pursuant to a statute for draining lands, the county itself receiving no benefit therefrom, and the proceeding by which the payment was made to the commissioners having been subsequently vacated (Dewey v. Supervisors of Niagara Co., 62 N. Y. 294). But where money belonging to another can be traced to the county, and the county appropriates and receives the benefit, there is a liability to respond to the true owner, notwithstanding the officer by whose act it was obtained was without authority to bind the county in the act of its acquisition. Dewey v. Supervisors of Niagara Co., 62 N. Y. 294, 298; Bridges v. Supervisors of Sullivan Co., 92 N. Y. 570, 581; Strough v. Supervisors of Jefferson Co., 119 N. Y. 212, 23 N. E. 552. An action seems to have been maintained against the recorder of the city of Cohoes for money deposited with him as bail, which he was not authorized to take. Eagan v. Stevens, 39 Hun, 311.

It follows, then, that the motion for a nonsuit must be denied. I may add that this conclusion has not been reached without grave doubts as to the merits of the plaintiff's cause of action. Richardson, by his wife's will, became virtual owner of all her estate. By its use he was released from imprisonment pending an examination upon a serious criminal charge, and, through the flight thus made possible, has been able to evade further prosecution—to set the law at defiance. The payment to him of the money in question by Richard J. Fairbanks on the evening of February 23, 1899, the making of the duebill on the 24th, the commencement of the Fleetham action on the 25th—service of the summons having been made by the same Richard J. Fairbanks—his immediate flight, the judgment taken against the estate upon his own obligations, and not those of his wife, but not entered until 14 days after due, make possible the suspicion that there was collusion between him and Eliza Fleetham at the outset, and that the subsequent proceedings of this "creditor" do not deserve the sanction of the law which this determination gives.

Judgment accordingly.